VILLAGE OF BELLEVUE V. BELLEVUE IMPROVEMENT COMPANY ET AL.

FILED JUNE 4, 1902. No. 11,153.

Commissioner's opinion, Department No. 1.

1. **Vacation of Street:** REVERSION. Where a village board, acting by virtue of subdivision 27, section 69, chapter 14, article 1, Compiled Statutes, vacates a street, avenue, alley or lane, the land within such street or alley reverts to the owners of the adjacent real estate, one-half on each side thereof.

2. **Village Board.** Where a village board, acting under the provisions of subdivision 28, section 69, chapter 14, article 1, Compiled Statutes, annuls, vacates or discontinues any street or alley, and by ordinance declares such vacation to be expedient for the public good, and all the provisions of the statute are observed, such action by the board has all the force and effect of a judgment.

3. **Village Board:** VACATION OF STREETS AND ALLEYS: JURISDICTIONAL IRREGULARITIES. Only such irregularities as are jurisdictional in their nature will render proceedings by a village board in vacating streets and alleys void.

4. ———: ———: INSTANCE OF BENEFICIARY. That vacation proceedings are had by a village board at the instance and request, and primarily for the benefit, of certain owners whose property would be benefited by such vacation, is not ground for declaring the vacation ordinance void.

5. **Abutting Property Owners:** STREETS AND ALLEYS: VACATION. That certain abutting property owners affected by the vacation of streets and alleys, who have acquiesced in such vacation, were not given notice of the proposed vacation, is not ground for holding the ordinance vacating the streets void.

6. ———: ———: ———: SUBORDINATE BOARD: DISCRETIONARY POWERS: DISCRETIONARY ACT: MOTIVE. Where the legislature has

vested in a subordinate board discretionary power to vacate streets and alleys of a village, the courts will not ordinarily look into the the motives influencing such board in doing a discretionary act.

7. ———: ORDINANCE. Injunction will not lie to restrain owners of property abutting upon streets from appropriating the land within such streets, who, in doing so, are acting upon the faith of an ordinance presumably valid, passed by the village board under the provisions of subdivision 28, section 69, chapter 14, article 1, Compiled Statutes.

8. Petition. Petition examined, and *held* not to state facts sufficient to entitle plaintiff to any relief.

ERROR from the district court for Sarpy county. Tried below before KEYSOR, J. *Affirmed.*

*William R. Patrick,* for plaintiff in error.

*Charles S. Lobingier, contra.*

KIRKPATRICK, C.

This is a suit brought in the district court for Sarpy county, by the village of Bellevue, plaintiff in error, against the Bellevue Improvement Company and others, defendants in error, to obtain an injunction restraining defendants from obstructing streets and alleys in the village, from cutting down and removing timber, and committing other acts alleged to be unlawful. A general demurrer was interposed to the petition, which was by the trial court sustained, and the suit dismissed. From this judgment of dismissal the village of Bellevue prosecutes error to this court.

The only question requiring determination is the sufficiency of the petition to entitle plaintiff to equitable relief. The plaintiff's petition alleged, in substance, that the city of Bellevue was incorporated under an act approved March 15, 1855, and was subsequently incorporated as a village under an act approved March 1, 1879; that after incorporation as a city, the territory embraced within its limits was surveyed and platted; that by dedication various tracts of land were conveyed by the owners to the city

for streets, alleys, etc., and the fee simple thereupon vested in the public, and has ever since so remained; that when it adopted village organization no change was made in the boundaries, and the original plat continued to be recognized, and all conveyances of property have ever since been made with reference thereto; that on February 4, 1895, the board of trustees passed an ordinance declaring it necessary and expedient for the public good to vacate certain streets and alleys, naming them, and appointed five appraisers to view the property and assess the damages, if any, resulting from such vacation; that on February 26, 1895, such appraisers reported that in their opinion no damages would result from vacation, and on said February 26, 1895, the board, at a special session, adopted the appraisers' report, and without notice passed another ordinance vacating the streets and alleys described. The petition alleged that there was no necessity or expediency for vacating the streets and alleys; that the public good did not require the same to be done, and that the action by the board was taken at the instance of the defendants, and upon their promise to spend large sums of money in improvements in the village, and to dedicate a strip of land for a highway through the portion of the village where the streets had been vacated; that the streets and alleys vacated abutted upon property owned by others than the defendants, which owners received no notice, nor were they paid any damages, and that the vacation was in fraud of their rights, and that they were deprived of access to their property. It is further alleged that the original act under which the city of Bellevue was incorporated contained no provision for the vacation of streets, and that the land embraced within the streets vacated by the said ordinances had become vested in the public prior to the passage of the act under which the village of Bellevue is incorporated; that such vacation was in contravention of the constitutional rights of the plaintiff, the public, and the abutting property owners; that since the passage of the ordinances enumerated in the petition, the defendants

have obstructed the streets vacated by the erection of fences, and are engaged in cutting down and removing valuable timber growing thereon, and will continue so to do unless restrained by the process of the court; that plaintiff has no adequate remedy at law, and that proceedings at law would result in a multiplicity of suits; and concludes with a prayer that the ordinances of the village board be declared null and void, and that the defendants be restrained from further obstructing the streets or destroying the timber growing thereon.

Defendants in error contend that the petition is insufficient for many reasons, not all of which need be noticed. It is contended by plaintiff in error that, the territory embraced within the limits of the village of Bellevue having been incorporated by act of the legislature as a city in territorial days, and the act of incorporation containing no provision authorizing vacation of streets, such right could not have been exercised by the village board at the date of the attempted vacation, and that under the terms of the act providing for the incorporation of the city of Bellevue, the fee-simple title to the streets and alleys and other public grounds vested in the city; that the organization of the city as a village under the provisions of the act of the legislature approved March 1, 1879, could not and did not change the title to the streets and alleys of the village; that the title, after incorporation as a village as well as before, remained a fee-simple title in the village, and the action of the village board in vacating the streets and alleys was illegal and void. This contention can not be sustained. When the city of Bellevue adopted village organization under the provisions of the act of March 1, 1879, it was, from that time forward, governed in all respects by the statute, to the same extent as though it had never been a city. In section 40 of the act referred to (Compiled Statutes, chap. 14, art. 1) the legislature said: "Any town or village * * * now incorporated, * * * shall be a village and shall have the rights, powers, and immunities hereinafter granted, and none other, and shall

be governed by the provisions of this subdivision." By the terms of subdivision 27, section 69, article 1, chapter 14, Compiled Statutes, the village board is expressly authorized to vacate by ordinance any street or alley; and the same section further provides that "whenever any avenue, street, alley, or lane shall be vacated, the same shall revert to the owners of the adjacent real estate, one-half on each side thereof." That this statute vests in the village board the power to vacate streets and alleys in the village of Bellevue, provided its action was in accordance with the provisions of the statute, there can be no doubt.

The next question we are required to consider is whether the action of the village board in vacating the streets and alleys in question can be attacked in the manner sought by the petitioner in this action. The action of the board in vacating the streets under an ordinance passed in pursuance to statute, is judicial in its nature. By subdivision 28, section 69, the board has power "to * * * annul, vacate or discontinue" any street, avenue, alley or lane, "whenever deemed expedient for the public good," the compensation to owners of property damaged thereby "to be determined by the assessment of five disinterested householders," etc. Thus, whether or not a street shall be vacated is by statute left to the discretion of the village board, and it is they who say whether the vacation is expedient for the public good. In the case of *Howard v. Clay County,* 54 Nebr., 443, this court, construing a similar section (Compiled Statutes, ch. 78, sec. 46) providing for the opening of section lines whenever the public good requires it, said: "The propriety or necessity of opening and working a section-line road is committed to the discretion of the county board." In the case of *Beall v. State,* 9 Ga., 367, it is said: "When a special jurisdiction is conferred by the legislature on commissioners for the purpose of ascertaining certain facts, which they are required to certify, and they do so certify, their certificate is the evidence of their judgment, and is as conclusive as any other judgment upon the particular question sub-

mitted to them,—it appearing upon the face of such certificate that they acted within the jurisdiction conferred upon them by the statute." In the case of *Parks v. City of Boston,* 8 Pick. [Mass.], 217, it is said: "The power vested in the mayor and aldermen of Boston as to laying out or altering streets, 'whenever in their opinion the safety or convenience of the inhabitants shall require it,' is judicial." It is, of course, elementary that a collateral attack upon other grounds than those which go to the jurisdiction of the tribunal pronouncing the judgment, does not lie. In the case of *United States v. Doherty,* 27 Fed. Rep., 730, it is said: "Though the acts of special tribunals can not be in general reviewed, except as provided by law, they may be examined collaterally as respects their jurisdiction, and as regards acts in excess of power; and as to such acts their proceedings will be held unauthorized and void." The action of the village board in vacating the streets having the force and effect of a judgment, a party seeking to be relieved against it because of irregularities and informalities must proceed in some manner provided by statute. *Harman v. Moore,* 112 Ind., 221. It is elementary that irregularities not jurisdictional in their nature will not render the board's action a nullity, and such action can not be collaterally attacked. The petition in the case at bar, eliminating all immaterial allegations and conclusions of the pleader, alleges substantially, that on the 4th day of February, 1895, the village board passed an ordinance declaring it necessary and expedient for the public good to vacate certain streets and alleys; that by said ordinance the board provided for the appointment of five appraisers to ascertain the damages sustained by the proposed vacation; that such appraisers, accompanied by one of the defendants, and riding in a conveyance furnished by him, viewed the lands to be affected by the vacation, consuming two hours' time, and reported that, in their opinion, no damages would be sustained; that on the 26th day of February, 1895, the board received and adopted the report, and passed an ordinance vacating the streets and

alleys; that the vacation proceedings were had solely at the instance and request of the defendants, and upon the promise made by them that, if the vacation should be had, they would expend large sums of money in public improvements; that certain of the abutting property owners were not given notice of the proposed vacation; that the vacation of the streets deprived certain owners of access to their property and of the right to use the streets; that no damages were ever assessed or paid to the owners of property abutting; that the defendants have blocked up the streets, built fences across the same, and are cutting down valuable timber thereon. The allegations in the petition that "such proceedings and all of them were fraudulent, unlawful and void"; that the proceedings were had "for the purpose only of allowing the Bellevue Improvement Company to convert said streets, avenues and alleys and all other property abutting thereon owned by others to its own use"; "that no necessity or expediency ever existed for the vacation of the streets, avenues and alleys, or any of them"; that the "vacation if made would thereby be a violation of the constitution"; and other like statements, are merely the conclusions of the pleader, and do not in any way aid the petition in stating a cause of action. Under our Code the pleader is only required to state the facts which constitute his grievance, and upon such facts the court grants the relief to which under the law he may be entitled, without reference to the pleader's conclusions of law. Without reference to the fact that the petitioner in this case is the village whose board of trustees passed the ordinances complained of, it is manifest that the suit sought to be maintained is a collateral attack upon the action of the board in vacating the streets and alleys mentioned; and it is, therefore, only necessary to determine whether the petition contains facts sufficient to show that the proceeding of the board vacating the streets was a nullity, as contended by counsel for plaintiff in error. It appears that the board acted in compliance with the provisions of subdivision 28, section 69, of the act ap-

proved March 1, 1879. It is apparent that they were acting within their jurisdiction. Any irregularity or informality in the proceedings which is not jurisdictional can not avail the petitioner.

It is alleged that the vacation proceedings were had at the instance and request and upon the promises of certain of the defendants. It is clear that, to sustain the contention that this should annul the ordinances of the village board, would involve an exercise by the court of a power to inquire into the motives of the members of the village board in the enactment of an ordinance, and pronounce it invalid if such motives are found bad. In Elliott, Roads and Streets, p. 664 [2d ed., p. 963], it is said: "Whether it is expedient to discontinue a highway is a question for legislative decision, and when the authority to discontinue is delegated to local officers, and no restrictions are placed upon its exercise, the officers are invested with a very broad discretion, and unless this discretion has been abused the courts can not interfere. This is in accordance with the general rule that, where officers are invested with discretionary power, courts will not substitute their judgment for that of the officers invested by law with the right to decide upon the necessity or expediency of doing a designated act." In the case of *Knapp v. St. Louis,* 56 S. W. Rep. [Mo.], 1102, it is said: "The vacation of a portion of a street by a municipality at the instigation of a private corporation, that the corporation may use such vacated portion in the extension of their premises, is not such fraud as will authorize the courts to invalidate the ordinance." *Bowen v. Hester,* 143 Ind., 511. In the case of *State v. City of Elizabeth,* 54 N. J. Law, 462, it is said: "The fact that one of the reasons for vacating that portion of the street was to accommodate a person over whose lands the vacated portion ran does not invalidate the ordinances." It follows that the ordinances assailed are not invalid because of the fact that certain owners of abutting property actively sought to bring about the vacation.

It is alleged that certain of the property owners other

than the defendants did not receive notice of the proposed vacation. The act under which the board proceeded makes no provision for notice to abutting property owners, and, for aught that appears from the petition, such owners may be perfectly content with the action of the board, having acquiesced in the vacation of the streets. The fact that the appraisers were conveyed in a carriage furnished by one of the defendants while making their view and the fact that the view did not consume more than two hours, are not sufficient to constitute fraud. The allegation that certain owners were, by the vacation of the streets, deprived of access to their property, and of the right to the use of the streets, is a truism, and is an unavoidable incident to the vacation of streets and highways in all cases.

After a careful examination of the petition in the case at bar, we are convinced that it fails to disclose facts sufficient to show that the ordinances of the village board are void, and, those ordinances being valid, the petitioner was not entitled to the relief prayed for, and the demurrer was by the trial court properly sustained. It is therefore recommended that the judgment of the district court in sustaining the demurrer and in dismissing the petition be affirmed.

HASTINGS and DAY, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.