LESLIE EDWARDS, APPELLEE, v. W. H. GILL ET AL., APPELLANTS.

FILED SEPTEMBER 26, 1914. No. 17,753.

1. Municipal Corporations: OPENING STREET: DEDICATION: BURDEN OF PROOF. When the public authorities attempt to open a street, claiming that the owner of the land had dedicated it for that purpose, the burden is upon them to prove such dedication by a preponderance of the evidence.

2. Dedication of Street: SUFFICIENCY OF EVIDENCE. The evidence, indicated in the opinion, is insufficient to prove such dedication.

APPEAL from the district court for Boone county: GEORGE H. THOMAS, JUDGE. *Affirmed.*

*W. J. Donahue* and *O. M. Needham,* for appellants.

*A. E. Garten* and *J. A. Price, contra.*

SEDGWICK, J.

Twenty-five or thirty years ago Thomas H. Smith was the owner of the W. ½ of the S. E. ¼ of section 21, and also the N. E. ¼ of that quarter section. This land adjoined the city of Albion on the west. He sold and conveyed the N. E. ¼ of the quarter section to one Tiffany, who platted the 40 acres as an addition to Albion. The acknowledged plat dedicated a strip two rods wide on the west side of the tract as a street. This was accepted by the city and the strip so dedicated was called Eleventh street. Afterwards Smith died and his widow, Mary E. Smith, became the owner of the land of her husband. She sold and conveyed to the plaintiff Edwards a small tract of land in the west half of the quarter section, the east line of the tract, as described in the deed, being the center line that divides the quarter section and forms the west line of Tiffany's addition, leaving for Eleventh street only the strip about two rods in width which is dedicated for that purpose upon the plat of the addition. She sold and conveyed a similar tract to each of several other persons. The defendants, as public officers, contend that the said Thomas H. Smith, at about the time the Tiffany addition was platted, dedicated for a public street a strip of land about two rods in width along the east side of his then remaining 80 acres of land, and they were proceeding to open it as a street accordingly. The plaintiff brought this action to enjoin them from so doing. He denies that Smith dedicated this strip of land as a street, and insists that his land extends east to the center line of the quarter section. The burden of proof was upon the defendants to show the dedication of the land to the public, as claimed by them, and the sole question involved in this appeal is as to the sufficiency of the evidence for that purpose. The trial court found the issues in favor of the plaintiff, and the defendants have appealed.

It should probably be found from the evidence that, at the time of the platting of Tiffany addition, there was a wire fence on the north and south line through the center of the quarter section, but whether this fence extended through the whole length of the addition is not so clear. The defendants attempted to prove that Thomas H. Smith, at about the time the addition was incorporated into the city, removed this fence about two rods to the west, thereby yielding that strip of land as a part of the street. If he had so moved his fence, and had thereby completed a street that was open to the public, it would have been a strong circumstance tending to prove an unconditional dedication. But this supposed street extended only half way across the quarter section and had no outlet to the south. Some eight or ten years afterwards a street was opened along the south half of the quarter section connecting with a public street on the south. This was after the death of Mr. Smith, and the removal of his fence, if he had so removed it along the entire length of the Tiffany addition, could not of itself and without a declaration of Mr. Smith or any other public act, amount to more than a proposition to give so much land toward a practical street, and could not be binding upon him as a dedication unless the authorities accepted the proposition and did their part toward the opening of the street. The death of Mr. Smith before anything was done by the public to accept the proposed donation would cancel the proposition, and, unless renewed by those who succeeded to the title, would not be binding upon them. The evidence that Mr. Smith removed his fence, or how much of it he removed, if any, is very indefinite and uncertain, and is contradicted by a preponderance of the evidence. There is some evidence that some travel on certain occasions passed over the land in dispute, but there is no evidence that the public at any time used the strip supposed to have been dedicated by Mr. Smith throughout the whole length. The preponderance of the evidence is that some parts of this strip of land were at all times impassable for travel.

The evidence entirely fails to establish a dedication of the land in dispute as a public highway, or that it was ever used as such, so as to raise a presumption of such dedication.

The judgment of the district court is

AFFIRMED.