FREDERICK L. DELL ET AL., APPELLANTS, v. CITY OF LINCOLN, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEE.

102 N. W. 2d 62

Filed March 25, 1960. No. 34736.

178

*Rollin R. Bailey,* for appellants.

*Ralph D. Nelson* and *Henry L. Holst,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiffs, Frederick L. Dell and Jacquelyn Dell, husband and wife, brought this action against defendant, city of Lincoln, seeking to quiet title to one-half of Sixty-ninth Street, which is within the limits of the city and adjacent to described real property belonging to plaintiffs. Such street had been vacated by a city ordinance, No. 6523, wherein defendant attempted to retain title to the street.

Defendant's answer denied generally; and admitted the allegations of plaintiffs' petition in paragraphs 1, 2, and 4 thereof, which need not be repeated here because of a stipulation of facts hereinafter set forth. Defendant further alleged that defendant is a city of the primary class operating under a home rule charter duly adopted under the Constitution and laws of this state; that at the time of the enactment of ordinance No. 6523, the charter of said city, Article VIII, section 1, as amended May 6, 1947, gave defendant's mayor and city council power by ordinance to vacate any street within the limits of the city, and provided that: " 'whenever any street * * * shall be vacated the same shall revert to the owners of the adjacent real estate, one-half on each side thereof, unless the city reserves title thereto in the ordinance so vacating such a street * * * or land. In the event title is retained by the city, such property may be leased for a period of not to exceed twenty-five years, or may be sold as provided in Article II, subparagraph 5 of Section 1 of this Charter.' " Defendant also alleged that it had two objects in enacting ordinance No. 6523, to wit, the vacation of said street and the reservation of title thereto by defendant, which are

not separable; and that defendant was the owner in fee simple of the tract of land which was formerly Sixty-ninth Street, including the portion thereof adjacent to and west of the real estate owned by plaintiffs. Defendant prayed for dismissal of plaintiffs' petition. Plaintiffs' reply was in the nature of a general denial. The case was tried in the district court upon a stipulation of facts, and the trial court rendered a judgment dismissing plaintiffs' action with prejudice, at plaintiffs' costs. Thereafter, plaintiffs' motion for new trial was overruled, and they appealed, assigning in substance that the judgment was contrary to the evidence and law. We sustain plaintiffs' assignment.

The stipulated facts are that on January 14, 1918, Woods Brothers Silo and Manufacturing Company, hereinafter called Woods Brothers, being the owners of: "Lots Six (6), Seven (7), Eight (8) and Nine (9) of Irregular Tracts in Section Nine (9), Township Ten (10), Range Seven (7), East of the 6th P. M., Lancaster County, Nebraska," which land was then within the limits of the village of Havelock, duly caused the above-described property to be platted and dedicated as Woods Brothers Second Addition to Havelock. Such plat and dedication was on that same date filed with the register of deeds of Lancaster County and on January 18, 1918, was duly accepted by said village.

On November 13, 1918, Woods Brothers, being the owners of Outlot A of said Woods Brothers Second Addition to Havelock, subdivided the north 942 feet of Outlot A into streets, lots, and blocks, they being designated as Blocks 18, 19, and 20, Woods Brothers Second Addition to Havelock, and on that same day such plat and dedication thereof was duly filed in the office of the register of deeds of Lancaster County. On June 29, 1920, Woods Brothers, still being the owners of all of the above-described real estate, renumbered Blocks 18 and 20, so that Block 18 became Block 20, and Block 20 became Block 18, and did file a plat renumbering

said blocks with the register of deeds on the same date. That thereafter, all real estate within Blocks 18, 19, and 20, Woods Brothers Second Addition to Havelock, has been designated for the purpose of clarity only as "Replat of Blocks Eighteen (18), Nineteen (19) and Twenty (20), Woods Brothers Second Addition to Havelock."

Subsequently, in 1930, the city of Lincoln, defendant herein, annexed the village of Havelock, including all of the real estate here in question. On April 3, 1956, plaintiffs, husband and wife, became the owners of Lot 8, Block 18, Replat of Blocks 18, 19, and 20, Woods Brothers Second Addition to Havelock. Such lot is 50 feet wide east and west, 142 feet long north and south, and lies to the east of and adjacent to Sixty-ninth Street. Sixty-ninth Street is 60 feet wide, runs north and south, and is adjacent to and west of the real estate owned by plaintiffs. Sixty-ninth Street, from Fremont Street north 3 blocks to Seward Avenue, has never been opened, maintained, or used as a street or for any other purpose by the public or by the city of Lincoln.

On July 1, 1956, plaintiffs joined in a petition with others requesting defendant to vacate Sixty-ninth Street from the north edge of Fremont Street to the south edge of the alley between Seward Avenue and Colfax Avenue. Thereafter, the city of Lincoln did, by ordinance No. 6523, so vacate Sixty-ninth Street: "* * * subject to title to said street so vacated remaining in the city of Lincoln." Defendant claimed the right to do so under the provisions of Article VIII, section 1, of the charter of the city of Lincoln, as amended May 6, 1947, which we have heretofore quoted.

Plaintiffs claim that by virtue of Sixty-ninth Street being vacated, they became the owners of that part of Sixty-ninth Street lying adjacent to their property, and they filed this action against the city of Lincoln to quiet title to the same. Plaintiffs argued that in 1918, when Woods Brothers platted and dedicated the described real estate involved, it was located in the village of Havelock;

that the title to the area designated as a street was at that time governed by what is now sections 17-417, 17-418, 17-419, 17-420, 17-421, and 17-558, R. R. S. 1943, which have remained without amendment affecting the question here involved. In that connection, section 17-558, R. R. S. 1943, gives second-class cities and villages authority to vacate any street within the limits of the city or village, and provides in part that: "Whenever any * * * street * * * shall be vacated, the same shall revert to the owners of the adjacent real estate, one half on each side thereof." Also, section 15-701, R. R. S. 1943, as it existed during all times here involved, gave cities of the primary class like authority to vacate streets, and contained a provision identical with that just heretofore quoted.

Also, section 17-417, R. R. S. 1943, provided that: "The acknowledgment and recording of such plat is equivalent to a deed in fee simple of such portion of the premises platted as is on such plat set apart for streets or other public use, * * *." See, also, section 15-106, R. R. S. 1943, which is identical in material substance.

In that connection, as stated in 16 Am. Jur., Deeds, § 11, p. 444, the general rule is that: "From the standpoint of time the law in effect at the time of the execution of a deed governs its validity and interpretation." See, also, 26 C. J. S., Deeds, § 11, p. 596. In Norris v. Tower, 102 Neb. 434, 167 N. W. 728, we said: "Generally speaking, the laws in force when a contract is entered into form a part of it and enter into its obligation."

In such light, the only statutory or charter provisions which have been enacted or amended since the property and street here involved were platted and dedicated in 1918 and which may affect the issue involved, are the enactment of section 15-113, R. R. S. 1943, which authorized defendant city to annex the village of Havelock, and the amendment of May 6, 1947, to the city's charter, same being Article VIII, section 1, thereof, upon which the city primarily relies. All other pertinent legislative

or charter provisions have remained the same, unless reference is inferentially made to Laws of Nebraska, 1959, Chapter 44, page 225, which is hereinafter discussed.

In 1930, pursuant to sections 15-111 to 15-113, R. R. S. 1943, defendant city annexed the village of Havelock. In that respect, section 15-113, R. R. S. 1943, provides in part: "Upon such consolidation taking effect in the manner herein provided, the charter, laws, ordinances, powers, and government of such cities of the primary class, shall at once extend over the territory embraced within any such city or village so consolidated with it; and such city of the primary class shall succeed to all the property and property rights of every kind, contracts, obligations, and choses in action of every kind held by or belonging to the city or village consolidated with it; and it shall be liable for and assume and carry out all valid contracts, obligations, franchises, and licenses of any such city or village so consolidated with it."

In Enyeart v. City of Lincoln, 136 Neb. 146, 285 N. W. 314, we interpreted such annexation statute, and held: "The city of Lincoln, by the annexation of the city of University Place, as to rights, obligations, liabilities, and duties imposed upon or possessed by the latter, whether actual or contingent, tortious or on contract, whether already accrued or thereafter to accrue, became, in all respects, the successor of the latter, and subject to the same and identical conditions that were binding upon the city of University Place."

In 62 C. J. S., Municipal Corporations, § 76, p. 184, referring to streets and public highways, it is said, citing authorities: "On the other hand, the municipality takes such public ways in trust for the public, subject to established grades and rights reserved by a dedicator, and there are imposed on it the same municipal duties and liabilities as to streets, highways, and bridges in the annexed territory as rest on it with respect to those in the original territory."

By virtue of section 15-113, R. R. S. 1943, defendant city succeeded "to all the property and property rights of every kind * * * held or belonging to the city or village consolidated with it * * *." In other words, despite such annexation statute and interpretation thereof, defendant now proposes that we interpret and apply the statutes existing at the time of the plat and dedication of the property in 1918, and the charter amendment adopted in 1947, some 17 years after annexation, in such manner as to enable defendant city by ordinance to claim a greater legal interest in the street involved than that possessed by the annexed village of Havelock. We do not agree with that proposal.

Be that as it may, if we assume that upon the annexation of the village of Havelock in 1930, the area platted and dedicated as a street became subject to the laws of a primary city as they then existed, we arrive at the same result in determining the right, title, and interest of plaintiffs and defendant city.

In that connection, defendant was then governed by section 15-106, Comp. St. 1929, now section 15-106, R. R. S. 1943, section 15-701, Comp. St. 1929, now section 15-701, R. R. S. 1943, and Article VIII, section 1, of the defendant city's charter for 1920. Section 15-106, R. R. S. 1943, still provides in part: "The proprietor of any land within the corporate limits or contiguous thereto may lay out such land into lots, blocks, and public ways, * * *. When such plat is so made, acknowledged and certified, and is approved by the mayor and council, the same shall be filed and recorded in the office of the register of deeds of the county. It shall thereupon be equivalent to a deed in fee simple to the city, from the proprietor, of all streets * * * and of such portion of the land as is therein set apart for public use * * *."

Section 15-701, Comp. St. 1929, then provided in part: "The mayor and council shall have power by ordinance, to * * * vacate * * * any street * * *. Whenever any street * * * shall be vacated the same shall revert to the

owners of the adjacent real estate, one-half on each side thereof."

Also, Article VIII, section 1, charter of the city of Lincoln for 1920, then provided: "The City Council shall have power by ordinance, to * * * vacate * * * any street * * * within the limits of the city, * * *; Provided, further, whenever any street * * * shall be vacated, the same shall revert to the owners of the adjacent real estate, one-half on each side thereof." As we view it, such provisions relate to the same subject, are in pari materia, and should be construed together.

In such respect, also, sections 17-417 and 17-558, R. R. S. 1943, controlling cities of the second class and villages, sections 15-106 and 15-701, R. R. S. 1943, controlling cities of the primary class, and Article VIII, section 1, Lincoln city charter for 1920, were materially identical in force and effect, when the village of Havelock was annexed by defendant in 1930. Be that as it may, the legal force and effect of platting and dedicating real property in cities of the second class and villages, and the vacation of streets therein, should be and is binding upon cities of the primary class upon annexation by it of cities of the second class and villages.

As recently as Belgum v. City of Kimball, 163 Neb. 774, 81 N. W. 2d 205, 62 A. L. R. 2d 1295, citing authorities, we held: "The acknowledgment and recording of a plat laying out land into lots and blocks and showing thereon the streets and alleys, under section 17-417, R. R. S. 1943, operates as a dedication which is equivalent to a deed in fee simple to such portions of the premises platted as is on such plat set apart for streets and alleys for public use to the municipality.

"Under section 17-558, R. R. S. 1943, whenever any avenue, street, alley, or lane shall be vacated the same shall revert to the owners of adjacent real estate, one-half on each side thereof.

"A plat made and recorded in statutory form since the enactment of sections 17-417 and 17-558, R. R. S. 1943,

is subject to the provisions of both sections which must be considered in pari materia.

"While the equivalent to a deed in fee simple to the streets and alleys on a plat is vested in a municipality under section 17-417, R. R. S. 1943, such fee is a qualified, base, or determinable fee which may be continued forever if the streets and alleys be devoted to the public use, and such fee is determined by the vacation of streets and alleys by the municipality as provided for in section 17-558, R. R. S. 1943." The same rules apply to sections 15-106 and 15-701, R. R. S. 1943. See, also, Hillerege v. City of Scottsbluff, 164 Neb. 560, 83 N. W. 2d 76, which involved a city of the first class. Therein we held, citing authorities, that: "The title to a street vested in a city is not generally a fee simple absolute but is a qualified base or determinable fee and it is held in trust for the purposes to which the street is dedicated."

As early as Village of Bellevue v. Bellevue Improvement Co., 65 Neb. 52, 90 N. W. 1002, this court held: "Where a village board, acting by virtue of subdivision 27, section 69, chapter 14, article 1, Compiled Statutes, vacates a street, avenue, alley or lane, the land within such street or alley reverts to the owners of the adjacent real estate, one-half on each side thereof.

"That vacation proceedings are had by a village board at the instance and request, and primarily for the benefit, of certain owners whose property would be benefited by such vacation, is not ground for declaring the vacation ordinance void." In that case, such cited statute contained a provision that: " 'whenever any * * * street * * * shall be vacated, the same shall revert to the owners of the adjacent real estate, one-half on each side thereof.' " See, also, State ex rel. City of Lincoln v. Chicago, R. I. & P. Ry. Co., 93 Neb. 263, 140 N. W. 147, and Dell v. City of Lincoln, 168 Neb. 174, 95 N. W. 2d 336, the same case as that at bar, wherein in a former appeal we pointed out that the charter provision upon which defendant city relied in support of its contention

that it superseded the statutes, was not presented in the record. In any event, we pointed out in that opinion that section 15-701, R. R. S. 1943, empowered the mayor and council of a city of the primary class by ordinance to vacate any street within the limits of the city, but that the same section provided that when any street is so vacated, the same shall revert to the owners of the adjacent real estate, one-half on each side thereof. Such is the universal rule under comparable statutes.

Plaintiffs now argue that the greatest possible interest which defendant city could possess after it annexed the village of Havelock, including Sixty-ninth Street, was a fee simple determinable title, subject to being determined or diverted upon vacation of the street by defendant, which has occurred, and that plaintiffs are owners in fee simple absolute of one-half such street adjacent to their real property. We agree. On the other hand, defendant city contends that Article VIII, section 1, of the city charter as amended May 6, 1947, which has been heretofore quoted, has superseded relevant provisions of the foregoing original statutes, sections 17-558 and 15-701, R. R. S. 1943, because it was a matter of strictly local municipal concern, and that, having reserved title to such street in ordinance No. 6523, which vacated same, defendant has now increased its title to the vacated street from a fee simple determinable to an absolute fee simple title thereto. We do not agree.

As said in Restatement, Property, § 44, p. 121: "An estate in fee simple determinable is created by any limitation which, in an otherwise effective conveyance of land, (a) creates an estate in fee simple; and (b) provides that the estate shall automatically expire upon the occurrence of a stated event." Also, contrary to defendant's contention, as stated in "Comment on Clause (b)," p. 124: "The 'stated event,' within the meaning of that term * * * can be either the happening, or the non-happening, of a specified occurrence, and can be either certain, or not certain, to happen." Also, see Comment

f, p. 125. Also, the conveyor "has a possibility of reverter despite the absence of specific words creating any interest in him." See illustration, p. 122.

In Hillerege v. City of Scottsbluff, *supra,* we held that: "The right which an owner of abutting property possesses in a street is different in kind from that possessed by one whose interest is only that of a right-of-way along the street.

"The right of an owner of property abutting on a street to ingress and egress to and from his premises by way of such street is a property right in the nature of an easement in the street which the owner of the property has, not in common with the public generally, and of which he cannot be deprived without due process of law and compensation for his loss." See, also, 64 C. J. S., Municipal Corporations, § 1701, p. 96; 25 Am. Jur., Highways, § 154, p. 448, citing many authorities from this and other jurisdictions.

In such respect, it will be noted that to sustain defendant's contention under the circumstances presented here would deprive plaintiffs of their property rights in the street without compensation therefor, in violation of Article I, section 21, Constitution of Nebraska, which provides that: "The property of no person shall be taken or damaged for public use without just compensation therefor," and Article I, section 3, Constitution of Nebraska, which provides that: "No person shall be deprived of life, liberty, or property, without due process of law," which neither the state nor the city has any authority to do. In that connection, such issues were evidently not raised in Van Valkenberg v. Rutherford, 92 Neb. 803, 139 N. W. 652. Therein the city had deeded the vacated portions of the street to the adjacent property owners and parties plaintiff therein owned no real estate abutting on the vacated street, and the closing thereof did not interfere with ingress to or egress from their premises. Such opinion is not controlling here.

Section 16-611, R. R. S. 1943, relied upon by defend-

ant, applies only to cities of the first class, and in any event it has no relation to streets which have been platted and dedicated, as in the case at bar. In that connection, section 15-701, R. R. S. 1943, was amended by Laws of Nebraska, 1959, Chapter 44, page 225, by adding thereto the following italicized portions and removing the portion in parenthesis, as follows: "The mayor and council shall have power by ordinance to open, widen or otherwise improve, vacate, care for, control, name, and rename any street, avenue, alley or lane, parks, and squares within the limits of the city, and also to create, open and improve any street, avenue, alley or lane; *Provided, all damages sustained by the owners of the property thereon shall be ascertained in the manner set forth in sections 76-704 to 76-724; and provided further,* whenever any street, avenue, alley or lane shall be vacated, the same shall revert to the owners of the adjacent real estate, one half on each side thereof, *unless the city reserves title thereto in the ordinance vacating such street, avenue, alley or lane. In the event title is retained by the city, such property may be leased for such periods and on such terms as the council may by ordinance authorize, or may be sold as provided by the city.* (The procedure to condemn property shall be exercised in the manner set forth in sections 76-704 to 76-724.)"

In such situation, we have held that: "A legislative act will not be permitted, even if an attempt so to do is disclosed, to operate retrospectively where it will have the effect to invalidate or impair the obligation of contracts or interfere with vested rights." Travelers Ins. Co. v. Ohler, 119 Neb. 121, 227 N. W. 449.

In School District of Omaha v. Adams, 151 Neb. 741, 39 N. W. 2d 550, we held that: "A legislative act will operate only prospectively and not retrospectively, unless the legislative intent and purpose that it should operate retrospectively is clearly disclosed." See, also, State

ex rel. City of Grand Island v. Union Pacific R. R. Co., 152 Neb. 772, 42 N. W. 2d 867.

Such 1959 amendment has no application here for two reasons. First, it does not clearly disclose that the act as amended was intended to operate retrospectively; and, second, if it did, the vacation of a street under the provisions of the act in cases such as that at bar would be a violation of Article I, section 21, and Article I, section 3, Constitution of Nebraska, for reasons heretofore stated.

In that connection, Hanson v. City of Omaha, 157 Neb. 403, 59 N. W. 2d 622, reaffirmed that: "A municipal corporation is a creature of the law established for special purposes, and its corporate acts must be authorized by its charter and other acts applicable thereto. It therefore possesses no power or faculties not conferred upon it, either expressly or by fair implication, by the laws which created it or by other laws, constitutional or statutory, applicable to it." See, also, Wagner v. City of Omaha, 156 Neb. 163, 55 N. W. 2d 490.

In connection with Article VIII, section 1, of the city charter as amended May 6, 1947, defendant contends that it deals with a matter of strictly local municipal concern, and still prevails even if in conflict with sections 17-117, 17-558, 15-106, and 15-701, R. R. S. 1943, the statutes in force at the time ordinance No. 6523 was passed which vacated Sixty-ninth Street. On the other hand, plaintiffs contend that where the Legislature has enacted a law or laws affecting municipal affairs which are also of state-wide concern, such laws take precedence over any action taken by such city, under the provisions of a city charter.

In Axberg v. City of Lincoln, 141 Neb. 55, 2 N. W. 2d 613, 141 A. L. R. 894, we held that: "Under the provisions of section 2, art. XI of the Constitution, a home rule charter must be consistent with and subject to the Constitution and laws of this state.

"Under a home rule charter, a city may provide for the

exercise of every power, not contravening constitutional inhibitions, connected with the proper and efficient government of the municipality.

"Where the legislature has enacted a law affecting municipal affairs, but which is of state-wide concern, such law takes precedence over any action taken by a home rule city under its charter.

"The preservation of order, the enforcement of law, the protection of life and property, and the suppression of crime are attributes of state sovereignty and matters of state-wide concern, and when the legislature enacts a general law upon any of these subjects with respect to cities of a particular class, such law applies to all cities of the class, including home rule cities.

"Cities which have adopted a home rule charter, as authorized by the Constitution, are subject to the general laws of the state, except as to municipal matters of strictly local concern.

"Whether or not an act of the legislature pertains to a matter of state-wide or strictly local concern becomes a question for the courts when a conflict of authority arises."

As we view it, statutes which are enacted for the transfer or protection of the property rights of every owner of real property in the state, or those in a proper municipal classification in this state, and the compensation which such owners are entitled to receive for the public use or disposal thereof as well, is of state-wide concern.

Therefore, when the land here involved was platted and dedicated in 1918, the village of Havelock took a fee simple determinable title to the street involved, and when the city of Lincoln annexed the village of Havelock in 1930, said city took a fee simple determinable title only to said street, exactly that and no more. Thus, when defendant vacated Sixty-ninth Street, the title thereto reverted "to the owners of the adjacent real estate, one half on each side thereof," despite any con-

trary provision of defendant's city charter or statutes thereafter amended or enacted.

Finally, defendant contends that the vacation ordinance, No. 6523, was legislative in character, and if the attempted reservation of title in the city was invalid, then the whole ordinance was void, and there was in fact no vacation of Sixty-ninth Street because the intent of the city was that vacation of the street should be subject to title remaining in the city, which provision was inseparable and without which the ordinance would not have been adopted. Assuming for purpose of argument only that the ordinance was legislative in character, it is controlled by the rule that: "If a city ordinance contains valid and void provisions, the valid portion will be upheld if it is a complete law, capable of enforcement, and is not dependent upon that which is invalid." Arrigo v. City of Lincoln, 154 Neb. 537, 48 N. W. 2d 643.

On the other hand, we held in State ex rel. Nelson v. Butler, 145 Neb. 638, 17 N. W. 2d 683, that: "The crucial test for determining that which is legislative and that which is executive or administrative is whether the resolution or ordinance of a city council is one making a law or one executing a law already in existence."

The vacation ordinance here involved was in effect simply executive or administrative in character, that is, it was one executing applicable and controlling laws already in existence, which could be done, but only in the form and manner authorized by such laws. In any event, that part of the ordinance which vacated the street was complete and capable of enforcement, and same was not dependent upon that invalid part which attempted to retain title to the street. Defendant's contention has no merit.

For reasons heretofore stated, we conclude that the judgment of the trial court should be and hereby is reversed, and the cause is remanded with directions to render a judgment in favor of plaintiffs and against defendant, and granting plaintiffs the relief sought by them

in their petition. All costs are taxed to defendant.
REVERSED AND REMANDED WITH DIRECTIONS.