PETER J. TRAHAN, JR., ET AL., APPELLANTS, v. COUNCIL BLUFFS STEEL ERECTION COMPANY OF DODGE COUNTY, NEBRASKA, A PARTNERSHIP, ET AL., APPELLEES.

159 N. W. 2d 207

Filed May 24, 1968.  No. 36796.

Rohn & Rohn and Gordon C. Gobel, for appellants.

Ray C. Simmons, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

The city of Fremont, Nebraska, vacated a nominal street of a platted addition, and defendant company subsequently purchased the vacated tract from the city. In this action to quiet title against defendants' claim, plaintiffs have based their title on ownership of lots that adjoin both sides of the vacated tract. The district court dismissed their petition, defendants requesting no affirmative relief. Plaintiffs have appealed. They contend: (1) The evidence of dedication by plat was

insufficient, and (2) a statutory provision for municipal ownership and sale of vacated streets was inapplicable.

The vacated tract had been a nominal part of Twelfth Street, an east-west street. The tract extended westerly from the west side of Pierce Street to the west boundary of Morrell's Addition to the city. Plaintiffs acquired title to four lots in Morrell's Addition by warranty deed dated December 10, 1957, and recorded April 30, 1958. Two of the lots were located at the northwest and southwest corners of the intersection of Pierce Street with platted Twelfth Street. The warranty deed also conveyed the grantor's interest in the intervening strip, which is in controversy, to plaintiffs.

On October 13, 1964, the city without plaintiffs' consent vacated the part of platted Twelfth Street located between the corner lots owned by plaintiffs. The vacating ordinance did not specify that the city retained any interest. On May 13, 1966, the city over plaintiffs' objection sold the vacated tract by quitclaim deed to defendant company.

It is conceded that no inference of dedication may be drawn from use of the land. In 1938 the strip in controversy lay in a farmyard with a well, a grain shed, a brooder house, and an old two-story barn. Perhaps none of those structures was situated on the strip, but the farmyard was enclosed with a fence. In 1957 two or three buildings and fencing were located on the premises.

The main statutes affecting the property interest granted in a dedication by plat are those in force at the time of dedication. Dell v. City of Lincoln, 170 Neb. 176, 102 N. W. 2d 62; Village of Weeping Water v. Reed, 21 Neb. 261, 31 N. W. 797. An acceptance is ordinarily necessary to complete a dedication by plat. Village of Maxwell v. Booth, 161 Neb. 300, 73 N. W. 2d 177. See, also, Johnson v. Buhman, 98 Neb. 236, 152 N. W. 403; Edwards v. Gill, 96 Neb. 761, 148 N. W. 965; Hart v. Village of Ainsworth, 89 Neb. 418, 131 N. W. 816. The party asserting dedication by plat carries the risk of non-

production of evidence sufficient to sustain a finding of dedication. Edwards v. Gill, *supra;* 11 McQuillin, Municipal Corporations (3rd Ed. Rev.), §§ 33.37 and 33.59, pp. 721 and 788; 6 Powell on Real Property (1968), § 935, p. 370.1.

It may be true that the strip vacated by the city was dedicated, but operative facts of dedication are unknown to us. The bill of exceptions contains no plat of Morrell's Addition. Date of the plat, date of recordation, and acceptance by municipal act or public user are highly conjectural. Assuming dedication at an unknown date, we cannot ascertain what statutes were then in force or what property interest the city acquired.

The argument over municipal ownership and sale is related to the following legislative provisions: "Power is hereby given to such city * * * to vacate any such existing plat and addition * * * or such part * * * as such city may deem advantageous and best for its interests, and the power * * * shall be exercised by such city upon the petition of the owner or all the owners of lots * * * in such plat or addition. Such ordinance vacating such plat or addition shall specify whether, and, if any, what public * * * streets * * * are to be retained by such city; otherwise, such * * * streets * * * shall upon such vacation revert to the owner * * * of lots * ** abutting the same * * *." § 16-113, R. R. S. 1943.

"Upon the vacation of any street, avenue or part of either, the same so vacated shall be and remain the property of the city, but may be sold and conveyed by the city * * *." § 16-611, R. R. S. 1943; Laws 1903, c. 19, § 7, p. 237.

The section of the 1903 act relating to municipal ownership prescribed an eminent domain procedure for establishing and opening streets. The Legislature substituted the ownership provision for a curious mixture of title and damages in an earlier act as follows: "* * * whenever any street * * * shall be vacated, the same shall revert to the owner of the adjacent real estate * * *;

* * * and * * * the land so reverting shall be taken by such adjacent owner in lieu of and in the place of * * * damages * * *." Laws 1901, c. 18, § 48 (4), p. 245. Both acts contained other provisions that are now incorporated in section 16-113, R. R. S. 1943.

The arrangement of topics in the 1903 act restricted municipal ownership. The ownership provision was not applicable to vacation of a paper street on the common plat of an addition by a private landowner. See, Dell v. City of Lincoln, *supra;* Hart v. Village of Ainsworth, *supra.* In such circumstances, an owner of a bordering lot possessed a future interest in land of the unopened street. We express no opinion on the question whether such an interest enjoys constitutional protection.

Defendants acquired nothing under the quitclaim deed from the city. The judgment is reversed and the cause remanded with directions to quiet plaintiffs' title against defendants' claim.

REVERSED AND REMANDED WITH DIRECTIONS.