DAVID L. FELDMAN, APPELLANT, V. CITY OF OMAHA, A MUNICIPAL CORPORATION, ET AL., APPELLEES.

166 N. W. 2d 421

Filed March 28, 1969. No. 37013.

Stern, Harris, Feldman & Becker, for appellant.

Herbert M. Fitle and Edward M. Stein, for appellees City of Omaha et al.

Abrahams, Kaslow & Cassman and Hunter, Venteicher & Kasher, for appellee N. P. Dodge Building Co.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The City of Omaha, by ordinance, vacated a part of Capitol Avenue between Fiftieth and Fifty-first Streets. This action was brought by David L. Feldman, a property owner residing at 5113 Capitol Avenue, to declare the vacation ordinance void and enjoin its enforcement. The defendants are the City of Omaha, its mayor and councilmen, and the N. P. Dodge Building Company. The N. P. Dodge Building Company owns the property on each side of Capitol Avenue which abuts upon the part which was vacated.

The trial court sustained the motions of the defendants for summary judgment and dismissed the action. The plaintiff's motion for new trial was overruled and he has appealed.

Capitol Avenue runs east and west between Forty-sixth and Fifty-second Streets and is the first street north of Dodge Street. The part which was vacated lies betwen the west property line of Fiftieth Street and a point approximately 250 feet west of Fiftieth Street. The plaintiff's residence is located between Fifty-first

and Fifty-second Streets and is approximately 710 feet west of the west line of the vacated portion of Capitol Avenue. Both Fifty-first and Fifty-second Streets are open to the north and south of Capitol Avenue and the plaintiff has access to his property over these streets.

The amended petition alleged that the portion of Capitol Avenue which was vacated will revert to the N. P. Dodge Building Company; that the vacated street is valuable property for which the city will receive no compensation; that the vacation was illegal because the petition filed did not contain the signatures of the required number of property owners; and that the ordinance results in a misappropriation of public property.

The defendants' motions alleged that the plaintiff had not sustained any special or peculiar damage different in kind from that of the general public and had no right to maintain the action.

The record in this case shows, and the plaintiff concedes, that he has suffered no damage, special or peculiar in nature, and different in kind from that of the general public. A property owner whose property does not abut upon the portion of a street which is to be vacated has no right of action to restrain the vacation unless he suffers a special or peculiar damage differing in kind from that of the general public. Hanson v. City of Omaha, 157 Neb. 403, 59 N. W. 2d 622. See, also, Kraft & Sons, Inc. v. City of Lincoln, 182 Neb. 187, 153 N. W. 2d 725; Kittle v. Fremont, 1 Neb. 329; 11 McQuillin, Municipal Corporations (3d Ed.), § 30.200, p. 154; 64 C. J. S., Municipal Corporations, § 1672c, p. 50. The plaintiff did not have standing to challenge the validity of the vacation ordinance.

The fact that the portion of the street being vacated is valuable property which will revert to the abutting owners and that the city will receive no compensation for the property does not alter the situation. Statutory provisions that the title to a street shall revert to he abutting owners upon vacation are common. The fact

that the vacation is made at the instance and request of certain owners whose property will be benefited is not ground for declaring the vacation ordinance void. Dell v. City of Lincoln, 170 Neb. 176, 102 N. W. 2d 62; Village of Bellevue v. Bellevue Improvement Co., 65 Neb. 52, 90 N. W. 1002. See, also, Enders v. Friday, 78 Neb. 510, 111 N. W. 140; State ex rel. City of Lincoln v. Chicago, R. I. & P. Ry. Co., 93 Neb. 263, 140 N. W. 147; Karlin v. Franciscan Sisterhood, 109 Neb. 711, 192 N. W. 122.

The plaintiff cannot avoid the effect of the general rule by relying upon his status as a taxpayer. Blanding v. City of Las Vegas, 52 Nev. 52, 280 P. 644, 68 A. L. R. 1273.

The judgment of the district court is affirmed.

AFFIRMED.