HARRIET PERRY ET AL. V. STATE OF NEBRASKA.

FILED SEPTEMBER 20, 1893.    No. 4976.

1. **Review**: BILL OF EXCEPTIONS: STIPULATION OF FACTS. In order for this court to examine the evidence embraced in a stipulation of facts between parties to a case tried in the district court, such stipulation must be embodied in the bill of exceptions.

2. **Municipal Corporations**: INMATES OF DISORDERLY HOUSES: POWER TO PUNISH: THE MAYOR AND COUNCIL of a city of the second class have authority to prohibit by ordinance persons from being inmates of houses of prostitution, and to punish them for the violation of such ordinance.

ERROR to the district court for Platte county. Tried below before POST, J.

Plaintiffs in error, *pro se.*

*George H. Hastings, Attorney General,* for the state.

RAGAN, C.

The plaintiffs in error were convicted in police court of the city of Columbus on a complaint charging them with being inmates of a house of prostitution in said city. They appealed to the district court. The chief of police filed in that court a complaint against them in words and figures as follows:

"THE STATE OF NEBRASKA,
        PLATTE COUNTY,            } SS.
    CITY OF COLUMBUS.

"Charles M. Taylor, a witness of lawful age, being first duly sworn, deposes and says that in the city of Columbus, in the county of Platte, and state of Nebraska, on the first day of July, 1890, one Hattie Perry and Maria Longscrew, whose true name is to affiant unknown, were inmates of a

certain house of prostitution, and were harbored therein, and contributing to the support thereof, contrary to the ordinances in such cases provided.          C. M. TAYLOR,
                                   "*Chief of Police.*"

To this complaint the plaintiffs in error filed a demurrer, alleging that the facts stated in the complaint were not sufficient to constitute an offense. This demurrer was overruled, and the plaintiffs in error, refusing to plead further, were tried, convicted, and sentenced by the court. They filed a motion for a new trial, which being overruled, they bring the case here on error.

The sole point made by them here is, that the ordinance under which the prosecution was had was invalid. We do not know whether it was or not, as there is in the record no bill of exceptions. There is in the record a stipulation signed by the counsel for the state and the plaintiffs in error, to the effect that this complaint was based on an ordinance which was set out at length in the stipulation. But this stipulation is presented without a bill of exceptions, and we cannot examine it, for that reason. It was said by Chief Justice COBB, in *Herbison v. Taylor*, 29 Neb., 217: "There are brought up in this case the petition in error and the transcript of the judgment, and motion for a new trial in the district court. Neither the pleadings nor a bill of exceptions are before us. To this record is attached the stipulation of facts entered into by the attorneys of record in the district court. The stipulation is supposed to have taken the place of evidence upon the trial below, and upon it the judgment is founded. That evidence cannot be accepted by this court without a bill of exceptions, settled in due form as provided by statute. There being none, the court is without the criterion for passing upon the questions raised by the plaintiff in error in his brief."

It remains then for us to determine whether the complaint, on its face, stated a cause of action against the plaintiffs in error. By subdivision 46 of section 52, chapter 14,

Compiled Statutes, it is provided that cities of the second class shall have power "to restrain, prohibit, and suppress * * houses of prostitution and other disorderly houses and practices, * * * and all kinds of public indecencies." This statute is broad enough to authorize the city council of the city of Columbus to pass an ordinance prohibiting persons from being inmates of a house of ill-fame, and punishing them therefor. The demurrer admitted that the plaintiffs in error were inmates of a house of prostitution, and were harbored therein, contrary to the ordinances of the city. This court will take judicial notice of the fact that Columbus is a city of the second class, and since the judgment of the court is supported by the pleadings in the case, we will presume that the court had before it evidence that the plaintiffs in error were inmates of a house of prostitution in the city of Columbus; that there was in force in said city a valid ordinance against persons being inmates of such houses. It is true that before the plaintiffs in error could have been lawfully convicted there must have been introduced in evidence facts proving that they were inmates of a house of ill-fame, and there must have also been introduced a valid ordinance of the city of Columbus forbidding persons from being inmates of such houses. As a matter of fact none of these things may have been done, but every reasonable presumption will be indulged by this court in favor of the correctness of the judgment of the court below. The judgment of the district court is in all things

AFFIRMED.

THE other commissioners concur.