FREDERICK L. DELL ET AL., APPELLANTS, V. CITY OF LINCOLN, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEE.
95 N. W. 2d 336

Filed March 13, 1959. No. 34499.

*Rollin R. Bailey,* for appellants.

*Ralph D. Nelson* and *Norma VerMaas,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

In this action Frederick L. Dell and Jacquelyn Dell, husband and wife, are plaintiffs and appellants. The City of Lincoln, a municipal corporation, is defendant and appellee.

By petition filed in the district court for Lancaster County, Nebraska, the plaintiffs, to the extent necessary to set forth for the purpose of decision in this case, alleged that Woods Brothers Silo and Manufacturing Company, as owners of four lots of land in Havelock, Lancaster County, Nebraska, on or about January 14, 1918, platted and dedicated the same as an addition to the village of Havelock, and designated it as Woods Brothers Second Addition to Havelock, which dedication was accepted on January 18, 1918; that in 1930, the defendant annexed the village of Havelock after which the Woods Brothers Second Addition to Havelock became a part of the city of Lincoln; and that by warranty deed duly recorded on April 3, 1956, the plaintiffs became the record owners of Lot 8, Block 18, Replat of Blocks 18, 19, and 20, Woods Brothers Second Addition to Havelock. It is further pleaded that the property is a strip of ground 50 feet wide west and east and 142 feet in length north and south and lies east of and adjacent to the street platted as Sixty-ninth Street which street runs north and south and has a width of 60 feet; that Sixty-ninth

Street from Fremont Street north for 3 blocks to Seward Avenue has never been opened, used, or maintained; and that plaintiffs' property faces Benton Street.

It is not so stated but from the pleading it is indicated that there was a replat of Woods Brothers Second Addition to Havelock some time after the original platting and dedication.

It is further pleaded that on December 17, 1956, pursuant to a petition dated July 1, 1956, in which the plaintiffs joined, the defendant by ordinance vacated Sixty-ninth Street from the north edge of Fremont Street to the south edge of the alley between Seward Avenue and Colfax Avenue.

It is pointed out here that in this case there is no attack upon the power of the defendant, by ordinance, to vacate the street or the proceedings leading to passage of the ordinance. The attack is only upon a reservation or attempted reservation contained in the ordinance.

In the petition is pleaded what appears to be a description of the purpose and effect of the ordinance. This is followed by the ordinance itself. In the description appears the following: "An Ordinance vacating 69th Street from the north line of Fremont Street to the south line of the alley between Seward Avenue and Colfax Avenue, * * * reserving title to said street * * *."

The ordinance in its first section contains the following: "That 69th Street from the north line of Fremont Street to the south line of the alley between Seward Avenue and Colfax Avenue * * * is vacated, subject to title to said street so vacated remaining in the City of Lincoln."

The petition contains the following which, together with what has already been said with regard to pleadings, and the prayer, brings into focus the issue or issues tendered by the plaintiffs in their petition:

"That the defendant attempted to retain title to said real estate for the purpose of selling the same and not for any governmental use and the defendant now pro-

poses to sell the same by sealed bids and the defendant claims some right title, or interest in and to said street including that part of said street one-half of which lies west of and adjacent to Lot Eight (8), Block Eighteen (18), Replat of Blocks 18, 19 and 20, Woods Brothers Second Addition to Havelock, which is owned by the plaintiffs, which claim of right, title or interest has damaged the plaintiffs and has cast a cloud upon the plaintiffs' title to that portion of said street one-half of which lies west of and adjacent to the plaintiffs' real estate."

By the prayer of the petition the plaintiffs seek to have title quieted in them and to have the defendant enjoined from asserting any right, title, or interest in or to the one-half of that part of the street which was vacated and which adjoins the property of the plaintiffs.

To the petition the defendant filed a general demurrer on the ground only that the petition failed to state facts sufficient to constitute a cause of action. This demurrer was sustained and the action was dismissed. From the order sustaining the demurrer and the judgment of dismissal the plaintiffs have appealed.

It is to be observed that by their petition the plaintiffs have not made any reference to any basis or theory on which the defendant asserted its right to reserve to the city the title to the vacated portion of the street. And of course the demurrer likewise gave no information as to the source of this claimed right.

The plaintiffs insist that there is no such right and that accordingly they are entitled to the relief which they seek. They rely on section 15-701, R. R. S. 1943, and other statutory provisions as well as decisions and texts to sustain their position.

The only question before this court is that of whether or not the petition states a cause of action. In this light therefore, as will appear, none of the statutes and decisions referred to require consideration except section 15-701, R. R. S. 1943, and decisions and authorities interpretative of this section. The section, to the extent

necessary to set it forth here, is as follows:

"The mayor and council shall have power by ordinance to open, widen or otherwise improve, vacate, care for, control, name, and rename any street, avenue, alley or lane, parks, and squares within the limits of the city, and also to create, open and improve any street, avenue, alley or lane. Whenever any street, avenue, alley or lane shall be vacated, the same shall revert to the owners of the adjacent real estate, one half on each side thereof."

The city of Lincoln is of the primary class and this section sets forth the power of a city of this class to vacate streets and alleys. As an effect of the exercise of that power it declares that streets and alleys shall revert to the owners of the adjacent real estate, one-half on each side. The validity of this provision with its restriction does not appear to have been directly passed upon by this court, but in State ex rel. City of Lincoln v. Chicago, R. I. & P. Ry. Co., 93 Neb. 263, 140 N. W. 147, it was inferentially held valid. In Village of Bellevue v. Bellevue Improvement Co., 65 Neb. 52, 90 N. W. 1002, this court directly upheld a like statutory provision relating to the village of Bellevue, Nebraska. Attention has not been called to any statutory provision which contains a contrary declaration.

The defendant does not contend that there is a statute which is to the contrary. It does however contend that this statute has no application in instances where this defendant vacates streets and alleys. It contends that this is so because there is a provision in its charter which permits it on vacation of streets and alleys to retain title to the streets and alleys so vacated. It contends that this provision supersedes the statutes insofar as the defendant is concerned.

The simple present answer to this contention is that this provision and no other provision of the charter of the city of Lincoln was presented by the record to the district court in any such manner as to become a basis

for a ruling favorable to the defendant on the general demurrer. It is not pleaded either directly or by reference in the petition and as is made clear it is not mentioned in the demurrer. The theory is argued in defendant's brief in this court but without any pretense that it was ever presented by pleading or any other validly recognizable basis to the district court or to this court.

In the light of this a basis for sustaining the demurrer and dismissing the action was nonexistent and the court should have overruled it pursuant to the statute which has been quoted herein, the validity and applicability of which is not questioned, if it is not superseded by the pretended charter provision.

There was and is now no basis for considering, at this time, the pretended charter provision for the reason that the district court may not take judicial notice of city ordinances and private statutes. The general rule as to private statutes is stated as follows in 31 C. J. S., Evidence, § 22, p. 538: "In the absence of a constitutional or statutory provision to the contrary, it is a general rule that private statutes of a state, as distinguished from public statutes, are not judicially noticed either by its own courts or by any other courts, and the same is true of private acts of congress."

As to ordinances the general rule is stated in 31 C. J. S., Evidence, § 27, p. 540, as follows: "The general rule is that ordinances or by-laws themselves are not judicially known to courts having no special function to enforce them, although the power of municipalities to pass ordinances or by-laws is judicially noticed by the courts within the state."

This general rule as to judicial notice of ordinances has been approved by this court. In Foley v. State, 42 Neb. 233, 60 N. W. 574, it was said: "Courts will not, as a rule, take notice of municipal ordinances, unless required to do so by special charter or general law."

In Spomer v. Allied Electric & Fixture Co., 120 Neb. 399, 232 N. W. 767, it is said: "While a municipal court

may take notice of a city ordinance, proof of its existence is ordinarily required in courts of general jurisdiction."

In this case there is neither pleading nor proof of the pretended provision of the charter or ordinance of the defendant on which the adjudication made by the district court was predicated. The adjudication was therefore erroneous and should be reversed.

It should be pointed out here that the basis of the decision herein by this court has not been assigned as error and considered in the briefs. The error is one which, however, is plain and not assigned. It is considered under authority of Rule 8 a2(4) of the rules of this court. Hartman v. Hartmann, 150 Neb. 565, 35 N. W. 2d 482, contains the following: "Under section 25-1919, R. S. 1943, and Revised Rules of the Supreme Court, Rule 8 a2(4), consideration of the cause on appeal is limited to errors assigned and discussed, except that the court may, at its option, note a plain error not assigned." See, also, Romans v. Bowen, 164 Neb. 209, 82 N. W. 2d 13.

The order of the district court sustaining the demurrer and the judgment dismissing the action are reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED.

SIMMONS, C. J., participating on briefs.