ANNA BERANEK, INDIVIDUALLY AND AS ASSIGNEE OF L. J. BERANEK, APPELLEE, v. THOMAS D. PETRACEK, APPELLEE, IMPLEADED WITH WILLIAM D. WARNER, APPELLANT.

169 N. W. 2d 275

Filed June 20, 1969. No. 37124.

Cobb, Swartz & Wieland, for appellant.

Morris J. Bruckner, Marti, O'Gara, Dalton & Bruckner, Patrick L. Cooney, and Boland, Mullin, Walsh & Cooney, for appellee Beranek.

Kennedy, Holland, DeLacy & Svoboda, for appellee Petracek.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is an action for personal injuries arising out of an automobile accident on July 4, 1967. The plaintiff was a guest passenger in a car owned and operated by the defendant Thomas D. Petracek. The accident purportedly happened when the defendant, William D. Warner, drove his automobile into a passing lane being used by Petracek, causing the latter to swerve to his left and into a bridge abutment, and causing severe injuries to the plaintiff which made her a permanent quadriplegic. The jury returned a verdict for the plaintiff in the amount of $65,000. Motions for a new trial were filed by both defendants which were overruled. The defendant Warner alone appeals.

Petracek and his wife had been visiting the plaintiff, his grandmother, in Milligan, Nebraska. They decided to visit an aunt in Fremont and invited the plaintiff to accompany them which she did. Petracek drove the car

with his wife in the front seat with him and the plaintiff riding in the rear seat. The accident occurred on U. S. Highway No. 77 about 1.3 miles south of Ceresco shortly after noon. The road was dry, the weather clear, and visibility was good. Shortly before the accident, he came upon three other automobiles traveling north. They were about two car lengths apart and traveling from 50 to 55 miles per hour.

Petracek testified that he could see at least a mile down the road when he pulled out to pass the car immediately in front of him. He said that after passing the first car he undertook to pass the second car driven by Warner. When the front of his car was even with the front door of the Warner car the latter unexpectedly pulled into the passing lane. Petracek continued on until hitting the abutment of the bridge. The negligence of Petracek is not important here since the judgment against him has become final. It is only to the extent that Petracek's conduct bears upon the alleged negligence of Warner that it is pertinent in this case.

Warner testified that before attempting to pass the car ahead of him he looked in his rear vision mirror and side view mirror and saw the Petracek car at the rear of the line of cars. He said the latter car was "plenty far away" but he could not estimate its speed. He thereupon looked through the mirrors again when he was in the passing lane and saw the Petracek car start around the car immediately behind him. He said he turned on his directional signal as he turned into the passing lane. He testified that his car was bumped or tapped twice from behind but he did not thereafter look back. He said he was a block from the bridge when his car was bumped.

The testimony of Petracek is that the front of his car was even with the front door of the Warner car when the latter turned into the passing lane, causing him to swerve to the left and off the pavement. The testimony of Warner is that he was completely in the passing lane

when Petracek turned into the passing lane to pass the first car ahead of him. This creates a material conflict in the evidence. If the jury found, as it did, that Warner turned into the passing lane when it was occupied by Petracek without first determining that he could use the passing lane with reasonable safety, it is evidence of negligence. § 39-746.04, R. R. S. 1943. A violation of the foregoing statute is evidence of negligence. Petersen v. Schneider, 153 Neb. 815, 46 N. W. 2d 355.

Giving the evidence of the plaintiff its most favorable construction, as we are required to do, the jury could find that Petracek was about to pass the Warner car and that Warner turned into the passing lane causing Petracek to swerve off the pavement. The jury could find that Warner failed to ascertain that Petracek was back far enough and driving at such a speed that Warner could pass with reasonable safety. Where the Petracek car was when Warner entered the passing lane is in dispute. Warner testified that after he entered the passing lane he proceeded straight ahead without looking back. Under these circumstances the negligence of Warner was a question for the jury. The jury could well find that but for the negligent conduct of Warner, Petracek would have safely passed the cars traveling the righthand side of the highway. The trial court did not err in submitting the question of Warner's negligence to the jury.

Warner assigns as error the failure of the trial court to sustain objections to the cross-examination of Warner when he was on the witness stand. Warner testified that he did not apply his brakes after entering the passing lane, that he was traveling 55 or 60 miles per hour, and that he never reduced that speed. He also testified to the number and location of the cars on the road and was then excused as a witness. His testimony had largely been placed in the record by deposition. The trial court permitted the cross-examination to extend

into other factual matters than his oral testimony, over Warner's objection.

It is the general rule that a party should not be permitted to cross-examine a witness as to matters foreign to the scope of the direct examination, particularly where it relates to matters that are collateral to the issues in the case. In such situations a party is usually required to call the witness as his own and thus present the evidence material to the case. Where the cross-examination is within the scope of the issues, the trial court has a discretion as to the extent of the cross-examination to be permitted and it is only an abuse of such discretion that constitutes prejudicial error. In the instant case, Warner's deposition had been read in evidence which covered his version of the pertinent facts. The extent of cross-examination to be permitted in testing the accuracy and credibility of the witness usually poses a matter of discretion by the trial court. We have closely examined the evidence produced by the cross-examination of Warner and we can find no prejudice which had the effect of denying Warner a fair and impartial trial. In Griffith v. State, 157 Neb. 448, 59 N. W. 2d 701, we said: "The rule of strict cross-examination has been adopted and is in force in this state. The ruling of the trial court in regard to the scope of cross-examination will be sustained unless it is an abuse of discretion." It is our opinion that the extended cross-examination of Warner, a defendant in the action, was not prejudicial to his right to a fair and impartial trial and, even if it may have exceeded the discretion lodged in the trial court, it furnishes no basis for a reversal of the judgment in the absence of a showing of prejudice. Bunselmeyer v. Hill, 179 Neb. 140, 137 N. W. 2d 354; Manley State Bank v. Spangler, 130 Neb. 196, 264 N. W. 459.

It is the contention of Warner that his occupancy of the passing lane was a condition and not an act of negligence constituting a proximate cause of plaintiff's in-

jury. In support of this contention, he cites the case of Jarosh v. Van Meter, 171 Neb. 61, 105 N. W. 2d 531, 82 A. L. R. 2d 714.

"A tort-feasor is answerable for all the consequences that, in the natural course of events, flow from his unlawful or negligent acts, although those results are brought about by the intervening agency of others, provided the intervening agents were set in motion by the primary wrong-doer, or were the natural consequences of his original wrongful act." Paup v. American Telephone & Telegraph Co., 124 Neb. 550, 247 N. W. 411. In distinguishing between a proximate cause and a condition, this court has said: "To constitute proximate cause, under authority of the adjudicated cases, the injury must be the natural and probable result of the negligence, and be of such a character as an ordinarily prudent person could have known, or would or ought to have foreseen might probably occur as the result. It is not sufficient that the negligence charged does nothing more than furnish a condition by which the injury is made possible, and if such condition causes an injury by the subsequent independent act of a third person, the two acts are not concurrent and the existence of the condition is not the proximate cause of the injury." Steenbock v. Omaha Country Club, 110 Neb. 794, 195 N. W. 117.

If the evidence of Warner was established to the effect that he was already in the passing lane and proceeding down the highway in a proper manner, and an accident thereafter occurred without any negligence of his contributing thereto, the presence of his car in the passing lane could well be a condition and not a proximate cause of the accident. But the evidence of Petracek is in direct conflict on this issue. It was for the jury to resolve these conflicts and it having done so adversely to Warner, the contention that Warner's car created a condition without negligence on his part cannot be sustained.

Warner complains of the rejection of certain photographs being admitted into evidence. The photographs were exhibits 44, 45, and 46 and were taken to demonstrate the view of Warner in the rear view and side view mirrors in the same car and under the same conditions and at the same place as testified to by Warner at the time of the accident. What he was able to see through these rear view mirrors is not disputed in the evidence. Under these circumstances, the rejection of the photographs was not prejudicial error. Peterson v. Skiles, 173 Neb. 470, 113 N. W. 2d 628; Markey v. Hunter, 170 Neb. 472, 103 N. W. 2d 221; Zancanella v. Omaha & C. B. St. Ry. Co., 93 Neb. 774, 142 N. W. 190.

Warner complains of the failure of the trial court to give his requested instruction No. 4. This instruction deals with the duty of an operator of an automobile in turning into a passing lane. The requested instruction is a verbatim statement of our holding in Schwartz v. Hibdon, 174 Neb. 129, 116 N. W. 2d 187, and is a correct statement of the existing case law. The court in its instructions to the jury properly covered this issue although not in the form in which Warner requested that it be submitted. A trial court is not required to give all requested instructions even if they constitute correct statements of the law where the substance is otherwise covered. Warner also complains of the giving of instruction No. 8 which defines the duties of drivers on the public highways to keep a lookout and have their automobiles under reasonable control, and to exercise due care for themselves and the safety of others in the avoidance of accidents. Instructions to the jury must be considered as a whole, and when thus considered, if the law is correctly stated and the case fairly submitted, and the jury could not have been misled, a claim of prejudicial error in the instructions is not available. We find no error in the giving of this instruction.

It is true, as the jury found, that Petracek was operating his car in a grossly negligent manner at the time

of the incident out of which the accident arose. But where the jury finds, as here, that a third party contributed to the accident by negligent conduct but for which there would have been no accident, both parties may be held responsible for the concurring negligence of both. Where there is evidence to sustain a finding of concurrent negligence on the part of both, the issues are properly submitted to the jury for its determination. The jury having found under the evidence and the instructions of the court that Petracek and Warner were concurrently negligent, which negligence operated concurrently to produce the injuries for which the plaintiff seeks redress, the verdict is sustained by the evidence and the judgment must be affirmed.

AFFIRMED.