STATE OF NEBRASKA, APPELLEE, v. DENNIS G. RADCLIFF, APPELLANT.

196 N. W. 2d 119

Filed March 31, 1972. No. 38119.

Johnston, Grossman & Johnston, for appellant.

Richard C. Wood, Jerry C. Nelson, Hugh S. Atkins, and Norman Langemach, Jr., for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

This is an appeal from two convictions after a trial

de novo in the district court for Lancaster County, before a jury, for violations of an ordinance of the City of Lincoln, Nebraska. On appeal, the defendant contends (1) that the ordinance under which he was prosecuted is unconstitutional, and (2) that the evidence was insufficient to support the verdict. We affirm the judgment of the district court.

The defendant was convicted under complaints which charged that the defendant unlawfully permitted a non-operating motor vehicle to remain on property which he has charge of for more than 30 days contrary to the ordinance. It appears from the record that the defendant was prosecuted under section 10.30.040 of ordinance No. 8664, of the City of Lincoln, Nebraska. The primary thrust of defendant's argument is that ordinance No. 8664 is unconstitutional. A review of the record in this case reveals that the ordinance (No. 8664), which is recited in the defendant's brief, is nowhere contained in the evidence in the bill of exceptions or otherwise presented in the record. It therefore appears that the assignment of error as to the constitutionality of the ordinance, in whole or in part, is not before us for consideration. State v. Novak, 153 Neb. 596, 45 N. W. 2d 625; State v. Hohensee, 164 Neb. 476, 82 N. W. 2d 554; Maxwell v. Steen, 93 Neb. 29, 139 N. W. 683; Steiner v. State, 78 Neb. 147, 110 N. W. 723; Dell v. City of Lincoln, 168 Neb. 174, 95 N. W. 2d 336. Perhaps the best statement of the rule precluding consideration of the constitutionality in the situation presented to the court in this case is contained in State v. Novak, *supra*. In that case it was argued that the city ordinance under which the defendant was prosecuted was violative of constitutional provisions. The ordinance, as here, was not before the court. There this court said as follows: "* * * failure to properly present an ordinance that is being attacked precludes our consideration of it here. * * * '* * * A party relying upon such matters must make them a part

of the bill of exceptions, or in some manner present them as a part of the record.' * * *

"Under the foregoing holdings the district court * * * could take judicial notice of an ordinance * * *, but if it took judicial notice of an unconstitutional ordinance it was the duty of the defendant to offer evidence of that fact if the error is to be preserved. *Recitals contained in objections or motions purporting to set forth portions of the ordinance do not meet the requirement.* * * * We cannot indulge in a presumption that the district court erred in this respect; it must be shown by the record." (Emphasis supplied.)

It therefore appears clear, under the authorities cited, that the failure to properly present an ordinance as a part of the record in the district court precludes the consideration of its constitutionality or validity in this court.

The defendant next attacks generally the sufficiency of the evidence to sustain the finding that the defendant was storing or parking a nonoperating vehicle on his property beyond a period of time permitted by the ordinance. We consider this question in the light of the court's instruction with reference to the term "nonoperating vehicle" as used in the ordinance. The instruction was as follows: " * * * a vehicle that because of some lack, fault, or defect, or some other substantial reason related to said vehicle can not be immediately used for the purposes for which it was intended. A vehicle stopped or parked because of some wholly temporary failure or the occurrence of an emergency relating to the vehicle or the operator thereof is not included in the prohibition." It is not assigned as error or contended that this instruction defining the meaning of the term "nonoperating vehicle" was in error.

We evaluate the evidence briefly under the definition as given in the court's instruction. The evidence is somewhat conflicting but generally is almost undisputed. The evidence of the city sustains a finding of the following facts: Behind his house in the residential sec-

tion of Lincoln, at 5000 North Cotner Boulevard, the defendant owned and had parked a 1955 Dodge and a 1958 white and pink DeSoto automobile. Pictures of these vehicles were identified and presented to the jury for its consideration. Both cars were unlicensed in Nebraska and the 1955 Dodge had an Illinois license on it. He brought both cars with him when he moved to Nebraska in 1964. He was driving neither car. He was driving a 1961 Chrysler for his personal use. The defendant himself stated that he planned on moving the vehicles out into the country. The police observation of the cars continued for a period of over 2 months, from October 16, 1969, until the middle of December 1969. Defendant refused to start the vehicles, giving as an excuse that he did not have a battery. The vehicles remained in the same location during the period of observation. The Dodge had no front seat, inside it was a small cultivator type garden tractor and four old tires, and it bore an out-of-state license plate. An anchor line ran from a clothesline post on the defendant's lot into the 1955 Dodge, apparently attached to the steering wheel. The wire attached to the Dodge was for the purpose of securing a clothesline pole in use by Mrs. Radcliff, the defendant's wife. The DeSoto contained no license plates on it at all.

A contention is made that the evidence is insufficient to sustain the conviction and this is based primarily on the question that the term "nonoperational" as used in the ordinance is unconstitutional, vague, indefinite, and uncertain. We do not discuss this question in the abstract. No question of constitutionality is present before us as we pointed out. The question of whether the term "nonoperating" was properly submitted to the jury is answered by the giving by the court of instruction No. 9 as heretofore recited. We observe further that the court in another instruction cautioned the jury that the word "immediately" did not mean at once or instantaneously, but was to be construed as within such

time as would appear reasonable to an ordinary or prudent person under the circumstances shown to exist. This language is almost identical to the defendant's requested instruction No. 2.

The court gave the above-mentioned instructions pursuant to the pertinent section of the Lincoln Municipal Code, section 10.30.040 (being a subsection of ordinance No. 8664) stating in substance as follows: "No person in charge or control of any property * * * shall allow any partially dismantled, *nonoperating,* wrecked, junked, or discarded vehicle to remain on such property longer than thirty days; * * *." (Emphasis supplied.)

We think it appears clear that the provisions of the subsection of the ordinance under which the defendant was prosecuted adequately inform the public and those persons governed by it as to the prohibitions contained therein, and that the court's instructions spell out a precise and meaningful definition of the term "nonoperating." It is clear, contrary to the defendant's contention, there is nothing in the subsection of the ordinance or the construction put on it by the trial court which would permit the jury to be misled into assuming that a vehicle must be in operation at all times under the terms of the ordinance.

From what we have said the evidence was ample to sustain the verdict of the jury and to find, under the definition of "nonoperating" given by the court, that the defendant was in violation of the ordinance as construed by the court. Assuming that the defendant's testimony was in conflict with what has been recited herein, the question of guilt or innocence in a criminal case is one to be determined by the jury, and it is the jury's function to pass on the credibility of witnesses and to weigh the evidence; and a jury verdict will not be disturbed unless clearly wrong, or the result of passion or prejudice. State v. Bundy, 181 Neb. 160, 147 N. W. 2d 500; Beranek v. Petracek, 184 Neb. 516, 169 N. W. 2d 275.

It is contended that the photographs introduced in evidence so enflamed the passion and prejudice of the jury as to require reversal of the case. This is a misdemeanor case. It is difficult to imagine, considering the precise nature of the offense charged, a case in which photographs would be more relevant in aiding the jury in understanding the facts as testified to by the witnesses and in resolving the basic issues before it under the court's instructions. Photographs are admissible in evidence if shown to be true and correct representations of the places or subjects they purport to represent at times pertinent to the inquiry. Their admission is largely within the discretion of the trial court and unless an abuse of discretion is shown, error may not be predicated thereon. Beranek v. Petracek, *supra*.

The judgments of the district court in both cases are correct and are affirmed.

AFFIRMED.

CLINTON, J., concurring.

This case points out an apparent anomaly and lack of logic in the case law of this state with reference to the circumstances under which this court and the district court may take judicial notice of municipal ordinances.

Where there is an *appeal from a municipal* court from a conviction for an ordinance violation we and the district court may take judicial notice of the ordinance for the purpose of determining defendant's guilt or innocence but not for the purpose of considering an attack on the constitutionality of the ordinance. We ought to adopt a rule that is logically consistent.

I concur in the result because it is not clear beyond a reasonable doubt that the ordinance in question is unconstitutional. Dwyer v. Omaha-Douglas Public Building Commission, *ante* p. 30, 195 N. W. 2d 236.

Nothing that is here said is intended in any way to refer to the usual rules requiring the pleading and proof of municipal ordinances in other situations.