STATE OF NEBRASKA, APPELLEE, V. JEFFREY C. COTTINGHAM, APPELLANT.
410 N.W.2d 498

Filed August 14, 1987.   No. 87-012.

James R. Place and Alan M. Thelen of Breeling, Welling & Place, for appellant.

Herbert M. Fitle, Omaha City Attorney, Gary P. Bucchino, Omaha City Prosecutor, and Richard M. Jones, for appellee.

BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

GRANT, J.

The defendant, Jeffrey C. Cottingham, appeals from an order of the district court for Douglas County affirming the defendant's conviction and sentence in the county court for Douglas County of one count each of assault and battery, a violation of Omaha Mun. Code, ch. 20, art. IV, § 20-61 (1980); indecent exposure, a violation of Omaha Mun. Code, ch. 20, art. V, § 20-114 (1980); disorderly conduct, a violation of Omaha Mun. Code, ch. 20, art. III, § 20-42 (1980); and damage to property, a violation of Omaha Mun. Code, ch. 20, art. VI, § 20-158 (1980). On appeal, the defendant alleges the trial court erred in failing to sustain defendant's motion for new trial and for writ of error coram nobis, in failing to properly sequester the State's witnesses, in finding the evidence sufficient to support a conviction of indecent exposure, and in rendering excessive sentences. For the reasons hereinafter stated the order of the district court is affirmed.

The record shows that during the early morning hours of January 4, 1986, Timothy Darby and Jacqueline Avard, the complaining witnesses, were proceeding through the drive-through facilities of a Burger King restaurant in Omaha, Nebraska, in a car owned by Avard and being driven by Darby. As the witnesses were ordering their sandwiches, a car owned by the defendant and being driven by a companion pulled into the drive-through lane directly behind the witnesses' car. The defendant then got out of the car in which he was a passenger, unzipped his pants, and urinated on the drive-through lane. This behavior was observed by Darby, Avard, and Scott Gavin, an employee of the restaurant. Darby verbally objected to defendant's action and suggested there were other places where one could go to the bathroom. An exchange of comments

ensued as the two cars proceeded through the drive-through lane. Darby and Avard received their sandwiches from the drive-up window and proceeded to the side of the building, where they parked to eat.

The vehicle in which defendant was riding was driven around the corner and parked next to the Avard vehicle. The State's evidence showed that defendant and his companion left their car and approached the driver's side of Avard's car. The defendant then began to strike Darby through the open window while his companion was holding Darby. Avard jumped from the car and screamed at the defendant to stop. Darby crawled out of the passenger's side of the car and approached the defendant to try to calm him down. At this point, the defendant and Darby began to fight. The defendant suffered a cut lip which eventually required stitches. During the course of this fight, the defendant went to his car and removed a large radio. Darby thought the defendant was going to swing the radio at him and ran inside the restaurant. Avard jumped back into her car, drove up to the restaurant's door, and joined Darby inside the restaurant. Defendant and his companion then came to the door and began shouting at Darby to come out and finish the fight. Darby did not go back outside, and the defendant and his companion began kicking and jumping on Avard's car. This attack on the car lasted approximately 3 to 4 minutes, during which the car received numerous dents and a broken antenna, resulting in $675 damage. At this time the manager of the Burger King phoned the police, and the defendant and his companion fled the scene. The defendant was subsequently arrested and charged with assault and battery, damage to property, disorderly conduct, indecent exposure, and littering. After a trial to the bench, the defendant was found guilty on all of the charges except littering, which was dismissed by the trial court on the basis that urinating is not littering. The defendant was sentenced to 30 days in the county corrections center on each count, the sentences to run concurrently. On appeal to the district court for Douglas County, the judgment and sentences of the county court were affirmed. It is from this order the defendant appeals to this court.

The defendant first assigns as error the trial court's failure to

sustain defendant's motion for new trial and for writ of error coram nobis. The granting or refusal of a motion for new trial is left to the sound discretion of the trial court, and in the absence of an abuse of that discretion, the determination will not be disturbed on appeal. *State v. Donnelson*, 225 Neb. 41, 402 N.W.2d 302 (1987). The new evidence on which a motion for new trial is based must not be merely cumulative, but must be of such a potent nature that, by strengthening the evidence already offered, it would have probably produced a substantially different outcome. *State v. Donnelson, supra; State v. Koch*, 224 Neb. 926, 402 N.W.2d 275 (1987).

With regard to defendant's motion for writ of error coram nobis, we have held that such a writ reaches only matters of fact unknown to the applicant at the time of judgment, not discoverable through reasonable diligence, and which are of a nature that, if known by the court, would have prevented entry of judgment. *Simants v. State*, 202 Neb. 828, 277 N.W.2d 217 (1979); *Hawk v. State*, 151 Neb. 717, 39 N.W.2d 561 (1949).

The evidence on which the motion is based includes affidavits from Brad Carpenter, the defendant's companion on the morning in question; the defendant's mother; the defendant's attorney; and the defendant himself. The latter three affidavits are concerned with the diligent efforts to locate Carpenter and secure his testimony prior to trial. Carpenter's affidavit is the only one which relates to the circumstances and events occurring on January 4, 1986. This proposed testimony of Carpenter would have been subject to the scrutiny of the court to the same extent as was the testimony of the other witnesses. We cannot say that the affidavit is of such a potent nature that it probably would have produced a different result. In fact, the affidavit of Carpenter conflicts, in some respects, with the defendant's own testimony at trial. In other respects, both the testimony of the defendant and the affidavit of Carpenter support an acquittal, and to that extent, the proposed testimony of Carpenter would have been cumulative. Defendant's first assignment of error is without merit.

The defendant next assigns as error the trial court's failure to properly sequester the witnesses. The defendant specifically objects to the court's failure to exclude testimony of the

plaintiff's witnesses after one of the witnesses testified with respect to an apparent conversation with other witnesses concerning the location of the vehicles in the parking lot. We have held that in order to establish reversible error due to a violation of a sequestration order, the defendant must make a showing of prejudice. *State v. Hess*, 225 Neb. 91, 402 N.W.2d 866 (1987); *State v. Pointer*, 224 Neb. 892, 402 N.W.2d 268 (1987). We find no showing of prejudice due to the sequestration order in the case at bar. The record of the voir dire examination of the witnesses shows there was a conversation with respect to the location of the vehicles. However, David Troia, one of the witnesses involved in the conversation, further testified that there was no discussion concerning a broken antenna, nor any discussion as to what else took place or who hit whom. Defendant's contention that the court erred in failing to properly sequester the witnesses is without merit.

The defendant further alleges that the evidence was insufficient to support a conviction of indecent exposure and that the trial court erred in imposing excessive sentences. The record shows that defendant was charged and sentenced under the Omaha Municipal Code. Our consideration of defendant's assignments of error on these matters requires an examination of the specific ordinances. Those ordinances have not been made a part of the record and are therefore not before this court. We have held that where an ordinance charging an offense is not properly made part of the record, the Supreme Court presumes the existence of a valid ordinance creating the offense charged. *State v. Lynch*, 223 Neb. 849, 394 N.W.2d 651 (1986). We will not otherwise take judicial notice of the municipal ordinance. *State v. Lynch, supra; State v. Richter,* 221 Neb. 487, 378 N.W.2d 175 (1985); *State v. Austin,* 219 Neb. 420, 363 N.W.2d 397 (1985).

In the absence of the applicable Omaha municipal ordinances from the record, we must presume the evidence sustained the findings and the sentences were within the limits as set in the ordinances. From consideration of the facts set out above, it is difficult to say that four 30-day sentences, to be served concurrently, amount to excessive sentences. Defendant admits that "[t]hese sentences were within the range of

permitted sentences for the offenses . . . ." Brief for Appellant at 13. We will not further address the assignments of error relating to the ordinances under which the defendant was convicted and sentenced. The facts on these issues speak for themselves.

The district court reviewed the entire record of the county court in making its determination that there was no error in the record and that the judgment and sentences of the county court should be affirmed. We agree. The order of the district court, affirming the judgment and sentences of the county court, is affirmed.

AFFIRMED.