STATE OF NEBRASKA, APPELLEE, V. JULIE L. TOMLINSON,
APPELLANT.
446 N.W.2d 740

Filed October 13, 1989.   No. 89-086.

Donald W. Kleine, of Kleine Law Office, for appellant.

Herbert M. Fitle, Omaha City Attorney, Gary P. Bucchino, Omaha City Prosecutor, and J. Michael Tesar for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Julie L. Tomlinson appeals from the district court for Douglas County, which affirmed the conviction and sentence of the county court for Douglas County. After a bench trial, the county court found appellant guilty of prostitution in violation of Omaha Mun. Code, ch. 20, art. V, § 20-132 (1980), and ordered her to pay a fine of $75.

Appellant's sole assignment of error is the trial court's finding beyond a reasonable doubt that appellant practiced an indiscriminate sex act expressly for compensation.

The record shows the following. On August 31, 1988, Brian Smith, a vice officer with the Omaha Police Division, went to the Tub & Tan massage parlor at 7644 Pierce Street in Omaha to investigate alleged prostitution activity occurring there. Smith had called the night before and set up an appointment for a massage.

Officer Smith arrived at the Tub & Tan at approximately 12:30 p.m., where he was subsequently let inside the premises by the appellant. The appellant then presented Smith with a list of massage services offered and their respective prices. The list

also stated that there was a $10 first-time membership fee. Smith gave appellant $50 ($40 for a massage, plus the $10 membership fee), whereupon appellant directed Smith to a room and told him that he should undress and that he could take a whirlpool bath, which he did. Appellant then led Smith, now with a towel around his waist, into a room with a massage table, where she instructed him to take the towel off and lie on his stomach, which he did.

Appellant proceeded to massage Officer Smith's back side and then told him to turn over and lie on his back. Officer Smith complied, and appellant massaged his feet, legs, and chest. She then proceeded to his genital area, and, as Smith testified, "She placed a towel on my stomach, and then poured oil on my penis, and began stroking it." Smith then told appellant to stop, and she immediately did.

Smith then dressed, tipped appellant $10, and left the establishment. He met with two other police officers, Cyronek and Clark, and advised them of the events in the massage parlor. All three officers then went back to the Tub & Tan and served appellant with a citation for the offense of lewd conduct. Smith testified that appellant asked why she was being cited, and Officer Cyronek stated, "You had poured oil on his penis and were stroking him," to which appellant replied, "That's part of the massage."

The issue in this case is whether appellant did unlawfully, purposefully, or knowingly engage or agree to engage in an act of prostitution. Appellant argues that there was no agreement to exchange money for a sex act. There was certainly an exchange of money for a service (the massage). Appellant freely admitted in response to Officer Cyronek's explanation of the citation that her genital manipulation of Officer Smith was "part of the massage." Appellant therefore purposely and knowingly performed this act as part of the services she offers in exchange for money.

What remains is a determination of whether this act constituted a sex act and amounted to prostitution under the prosecuted ordinance; however, that ordinance has not been made part of the record and is therefore not before this court. We have held that where an ordinance charging an offense is not

properly made part of the record, the Supreme Court presumes the existence of a valid ordinance creating the offense charged, and that in the absence of the applicable municipal ordinances from the record, we must presume the evidence sustained the findings and the sentences were within the limits as set in the ordinances. *State v. Cottingham*, 226 Neb. 270, 410 N.W.2d 498 (1987).

The district court reviewed the record of the county court in making its determination that the conviction and sentence of the county court should be affirmed. We agree. The order of the district court affirming the judgment and sentence of the county court is affirmed.

AFFIRMED.