STATE OF NEBRASKA, APPELLEE, V. ROBERT A. TOPPING,
APPELLANT.
464 N.W.2d 799

Filed January 25, 1991.   No. 90-266.

Thomas M. Kenney, Douglas County Public Defender, and Cheryl M. Kessell for appellant.

Herbert M. Fitle, Omaha City Attorney, and Gary P. Bucchino, Omaha City Prosecutor, and J. Michael Tesar for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Robert A. Topping appeals the affirmance of his disorderly conduct conviction in the Douglas County Court.

In his appeal to this court from the district court for Douglas County, which affirmed his disorderly conduct conviction, Topping only assigns as error that the evidence is insufficient to support his conviction. We affirm.

The complaint filed against Topping in the county court is included in the transcript. It alleges that the defendant, by his conduct, violated a specific city of Omaha ordinance. The record before us does not include the ordinance.

In *State v. Cottingham*, 226 Neb. 270, 410 N.W.2d 498 (1987), the defendant, who had been convicted under four specified Omaha municipal ordinances, in his assignments of error claimed, inter alia, that the evidence was insufficient to

support his conviction of indecent exposure. The indecent exposure ordinance was not in the record. This court held, citing *State v. Lynch*, 223 Neb. 849, 394 N.W.2d 651 (1986), that where an ordinance charging an offense is not properly made part of the record, the Supreme Court presumes the existence of a valid ordinance creating the offense charged, and this court will not otherwise take judicial notice of the ordinance. See, also, *State v. Austin*, 219 Neb. 420, 363 N.W.2d 397 (1985).

When the applicable municipal ordinance is not in the record, this court will presume that the evidence supports the findings of the trial court. See *Cottingham, supra*. That being true, and since the ordinance in Topping's case is not in the record before us, the order of the district court, affirming the judgment of the county court, is affirmed.

AFFIRMED.