STATE OF NEBRASKA, APPELLEE, V. CHARLES G. LEWIS, JR.,
APPELLANT.

483 N.W.2d 742

Filed May 8, 1992.   No. S-90-1236.

John C. Vanderslice for appellant.

Norman Langemach, Jr., Lincoln City Prosecutor, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Defendant, Charles G. Lewis, Jr., was charged with driving while under the influence of intoxicating liquor, in violation of Lincoln Mun. Code § 10.52.020, and with operating a snowmobile on a public street, in violation of Lincoln Mun. Code § 10.65.010. The county court for Lancaster County, following trial on stipulated facts, found the defendant guilty on each charge and sentenced him to 1 year's probation, a $200 fine, and a 60-day driver's license suspension. Defendant appealed the driving while under the influence charge to the district court for Lancaster County, which affirmed. This appeal followed. In this court, defendant contends that a snowmobile is not a motor vehicle under the Lincoln Municipal

Code provision which prohibits driving a motor vehicle while under the influence. We affirm.

The provisions of the Lincoln Municipal Code under which the defendant was convicted and sentenced are not in the record. This court will not take judicial notice of a city ordinance which does not appear in the record.

When an ordinance charging an offense is not properly made a part of the record, an appellate court presumes the existence of a valid ordinance creating the offense charged, and an appellate court will not otherwise take judicial notice of the ordinance. . . . In the absence from the record of the applicable municipal ordinance, an appellate court presumes that the evidence sustains the findings of the trial court and that a sentence is within the limits set out in the applicable ordinance.

State v. King, 239 Neb. 853, 854, 479 N.W.2d 125, 126 (1992). See, also, State v. Topping, 237 Neb. 130, 464 N.W.2d 799 (1991); State v. Cottingham, 226 Neb. 270, 410 N.W.2d 498 (1987); State v. Lynch, 223 Neb. 849, 394 N.W.2d 651 (1986); State v. Bruce, 213 Neb. 661, 330 N.W.2d 752 (1983).

When the applicable ordinance is not in the record, the district court, on the initial appeal to that court, and the appellate court, on appeal from the district court, will presume that the evidence before the trial court supports the findings of the trial court. State v. Topping, supra; State v. Cottingham, supra. The order of the district court, affirming the order of the county court, is affirmed.

AFFIRMED.

SHANAHAN, J., concurring.

This court continues to use a strange standard for disposition of a case involving an omitted ordinance, namely:

When an ordinance charging an offense is not properly made a part of the record, an appellate court presumes the existence of a valid ordinance creating the offense charged . . . . In the absence from the record of the applicable municipal ordinance, an appellate court presumes that the evidence sustains the findings of the trial court and that a sentence is within the limits set out in the applicable ordinance.

The preceding incantation is used to pull no fewer than two "presumptions" out of a judicial hat to affirm Lewis' conviction. As the result of those unwarranted and untenable presumptions, the majority relieves the State from the fundamental requirement of establishing a valid basis for taking away a defendant's liberty or property. Rather than indulge in such dispensation, other courts in several jurisdictions have concluded that the State's failure to establish the ordinance on which a prosecution is based requires reversal of the conviction and dismissal of the proceeding; for instance, see *State v. Pallet*, 283 N.C. 705, 198 S.E.2d 433 (1973) (State's failure to establish the municipal ordinance on which the prosecution is based required dismissal of the prosecution); *Sisk v. Town of Shenandoah*, 200 Va. 277, 280, 105 S.E.2d 169, 171 (1958) (conviction based on a municipal ordinance prohibiting drunk driving is, in the absence of the municipal ordinance in the record, reversed because "[f]air trial practice required that the defendant be afforded the opportunity to know the provisions of the ordinance she is charged with violating"); *Hishaw v. City of Oklahoma City*, 822 P.2d 1139 (Okla. Crim. App. 1991) (conviction reversed because municipal ordinance was absent from record presented to appellate court); *Peters v. City of Phenix City*, 589 So. 2d 800 (Ala. Crim. App. 1991) (failure to introduce into evidence the ordinance on which the charge was brought rendered the evidence insufficient to sustain a conviction); *Gonon v. State*, 579 N.E.2d 614 (Ind. App. 1991) (ordinance's absence from the record renders the evidence insufficient to sustain a defendant's conviction). Thus, prosecution of a defendant for violation of an ordinance without including the ordinance in the case against the defendant implicates due process and the right to a fair trial.

Although one might contend that a defendant can offer a certified copy of the ordinance at some stage of the proceeding before judgment in the trial court, the fact remains that the prosecution should be required to prove a prima facie case against a defendant, including existence of the very ordinance under which the prosecution is maintained. Otherwise, this court condones and even assists in the deprivation of a

defendant's liberty or property, as the result of prosecution under an ordinance which may, or may not, exist. Moreover, any litigant whose success in an action depends on existence of an ordinance should have the burden to establish existence of the ordinance. Also, in *Zybach v. State*, 226 Neb. 396, 401, 411 N.W.2d 627, 631 (1987) (quoting *Nevels v. State*, 205 Neb. 642, 289 N.W.2d 511 (1980)), this court stated that " 'a party seeking the benefit of such provisions [of an ordinance or regulation must] plead and prove the existence of the ordinance or rule.' " Thus, in cases involving an alleged violation of an ordinance, this court "presumes the existence of a valid ordinance creating the offense," while simultaneously requiring that a party who seeks to benefit from the provisions of an ordinance must " 'plead and prove the existence of the ordinance.' " Judicial doublethink!

Furthermore, the standard employed in Lewis' case may effectively eliminate appellate review of a conviction, since the prosecution, by omitting the crucial ordinance from the record in the trial court, can obviate a defendant's successful appeal from a conviction based on the ordinance. The standard in Lewis' case may also lead to certain undesirable and peculiar results, such as this court's upholding a conviction obtained under an unconstitutional ordinance. For example, suppose that a defendant is prosecuted for violating a municipal ordinance which prohibits an individual's criticism of city government or a public official, or suppose that a defendant is charged with violating an ordinance which forbids the presence of a particular racial minority within a city, a racial minority which includes the defendant. In the foregoing examples, notwithstanding that the defendant has properly challenged the constitutionality of the ordinance that is omitted from the trial, the defendant's conviction under a constitutionally suspect ordinance must be upheld, even if the unconstitutional ordinance is missing from the prosecution's case through oversight or deliberate deletion. Could not happen? Take a look at *State v. Sator*, 194 Neb. 120, 230 N.W.2d 224 (1975); *State v. Radcliff*, 188 Neb. 236, 196 N.W.2d 119 (1972); and *State v. Novak*, 153 Neb. 596, 45 N.W.2d 625 (1951).

The only explanation for the strange standard used by the

majority regarding the missing ordinance in Lewis' case is the rationalization: "Even though wrong, we've always done it this way." Under that approach to jurisprudence, trial by ordeal and dousing suspected witches would still be acceptable methods to ascertain truth of allegations.

As an alternative to the standard employed by this court regarding an omitted ordinance, Lewis has supplied us with certified copies of applicable Lincoln ordinances pertinent to the prosecution and requests that this court take judicial notice of those ordinances as adjudicative facts. The State does not question the authenticity of the ordinances presented for judicial notice by this court; hence, the applicable Lincoln ordinances are beyond question in Lewis' appeal.

The Nebraska Evidence Rules allow the judicial notice requested by Lewis, for Neb. Evid. R. 201(2) provides: "A judicially noticed fact must be one not subject to reasonable dispute in that it is . . . (b) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Neb. Evid. R. 201(6) states that "[j]udicial notice may be taken at any stage of the proceeding." Therefore, an appellate court can take judicial notice of an adjudicative fact.

Various commentators have emphasized the propriety and practicality concerning judicial notice of a municipal ordinance.

> In the case of local ordinances, judicial notice was originally withheld by courts other than those of the local adoptive government. The reason is that only the judge of the local court was likely to have knowledge about or access to the ordinance. Therefore the rule of availability would naturally be limited to that court. The facts do not support the rule. Regardless of the court, if the ordinance is available, is reliable and is known to the court, it should be judicially noticed. Today a growing number of cities are publishing their ordinances. Where ordinances are available or are actually known to the court, the formal rule limiting judicial notice to municipal courts should be abandoned.

2 Norman J. Singer, Statutes and Statutory Construction

§ 39.01 at 163-64 (4th ed. 1986). As pointed out in 2 McCormick on Evidence § 335 at 415 (John William Strong 4th ed. 1992),

> municipal ordinances . . . are not commonly included within the doctrine of judicial notice and these must be pleaded and proved. To the extent that these items become readily available in compilations, it may be expected that they will become subject to judicial notice; whereas, in the meantime, it would appear appropriate for judges to take judicial notice of both private laws and municipal ordinances if counsel furnish a certified copy thereof.

Consequently, court after court has recognized that a municipal ordinance may be judicially noticed in a trial court and at the appellate level. See, *Barberton v. O'Connor*, 17 Ohio St. 3d 218, 478 N.E.2d 803 (1985); *Concrete Contractors, Inc. v. City of Arvada*, 621 P.2d 320 (Colo. 1981); *Wessel v. Erickson Landscaping Co.*, 711 P.2d 250 (Utah 1985); *State v. Duranleau*, 99 N.H. 30, 104 A.2d 519 (1954); *Martinez v. City of San Antonio*, 768 S.W.2d 911 (Tex. App. 1989); *Lowery v. Bd. of Cty. Com'rs for Ada Cty.*, 115 Idaho 64, 764 P.2d 431 (Idaho App. 1988); *Forks v. Fletcher*, 33 Wash. App. 104, 652 P.2d 16 (1982); *Powers v. State*, 370 So. 2d 854 (Fla. App. 1979); *People v Miller*, 77 Mich. App. 381, 258 N.W.2d 235 (1977).

However, as requested by Lewis, judicial notice of Lincoln ordinances affords no solace to Lewis, for Lincoln Mun. Code § 10.04.216 (1982) states: "Snowmobile shall mean a self-propelled *motor vehicle* designed to travel on snow or ice on a natural terrain steered by wheels, skis, or runners and propelled by a belt-driven track with or without steel cleats." (Emphasis supplied.) Other Lincoln ordinances pertaining to snowmobiles prohibit operation of this type of motor vehicle on a public street, Lincoln Mun. Code § 10.65.010 (1986), and on private property, Lincoln Mun. Code § 10.65.040 (1986), within the city of Lincoln, but permit snowmobiling in Lincoln parks, Lincoln Mun. Code § 12.08.021 (1986). Nevertheless, the fact remains that, under Lincoln ordinances pertinent to Lewis' case, a snowmobile is a type of motor vehicle that is subject to the Lincoln ordinances governing operation of a

motor vehicle within the city limits of Lincoln. Stipulated evidence established that on January 20, 1990, two Lincoln police officers, apparently on cruiser patrol, saw Lewis driving his snowmobile at a high rate of speed on public streets within Lincoln; that the officers later stopped Lewis on his snowmobile and administered field sobriety tests and a "preliminary breath test" to Lewis, who failed those tests; that, subsequently, an Intoxilyzer test, properly administered to Lewis, disclosed that he had a breath alcohol level prohibited by Lincoln ordinance concerning operation of a motor vehicle; and that the officers had formed the opinion that Lewis "was under the influence of an alcoholic beverage at the time they saw him operating the snowmobile on the public street." Therefore, in light of judicial notice concerning the Lincoln ordinances, the State charged and proved that Lewis operated his snowmobile, which is a motor vehicle, in violation of the Lincoln ordinance that prohibits a person's operation or physical control of a motor vehicle while that person is under the influence of alcoholic liquor. For that reason, Lewis' conviction must be affirmed.

Were it not for appellate judicial notice of the Lincoln ordinances as requested, Lewis' conviction would have to be set aside, with this cause remanded for dismissal of the prosecution as the result of the State's omitting proof of the ordinances.

GRANT, J., concurring.

I concur fully in the majority opinion. Since at least 1893, defendants in this state appealing convictions under a municipal ordinance have known, or should have known, that if a defendant is to effectively appeal such a conviction, it is necessary to include a copy of the ordinance allegedly violated in the record presented to a reviewing court. Defendants generally know whether there is to be an appeal, and they bear the duty to present a record that may be reviewed properly in the area defendant wants reviewed.

In *Perry v. State*, 37 Neb. 623, 625, 56 N.W. 315, 316 (1893), we said:

It is true that before the plaintiffs in error could have been lawfully convicted there must have been introduced in

evidence facts proving that they were inmates of a house of ill-fame, and there must have also been introduced a valid ordinance of the city of Columbus forbidding persons from being inmates of such houses. As a matter of fact none of these things may have been done, but every reasonable presumption will be indulged by this court in favor of the correctness of the judgment of the court below.

Ninety-nine years later, defendants still profess to be astonished and nonplussed by the application of the rule.

To change the rule now and require prosecutors in the numerous ordinance violation cases in this state to introduce in evidence the ordinance allegedly violated would probably give us 99 years of dismissal on appeal of practically all ordinance violation cases. Prosecutors would probably be concerned with encumbering the record in every noncontested ordinance violation case by introducing the pertinent ordinance on the chance that a conviction might possibly be appealed or the prosecutors would forget to do so.

If the procedure is now judicially changed, I assume that would even the score for 198 years—from one allegedly outrageous application of the law to one diametrically opposed.

It does not appear to me to be too much to require lawyers to follow a 99-year-old established procedural rule and to treat this appellate problem as having been settled under the doctrine of stare decisis et non quieta movere.

BOSLAUGH, J., joins in this concurrence.

CAPORALE, J., dissenting.

I am not prepared to adopt a rule which would ultimately require that an appellate court determine which of various competing versions of an ordinance should be judicially noticed. The place to make a proper trial record is in the trial court; if the record does not contain the ordinance in question, an appellate court should not judicially notice it.

Nonetheless, notwithstanding our recent reaffirmations, I agree with Judge Shanahan's suggestion that the time has come to reexamine the continuing validity of our present rule. That is, an appellate court will not take judicial notice of an ordinance

not in the record but presumes, or perhaps more correctly assumes, that a valid ordinance creating the offense charged exists, that the evidence sustains the findings of the trial court, and that the sentence is within the limits set by the ordinance. *State v. King*, 239 Neb. 853, 479 N.W.2d 125 (1992).

The language from *Perry v. State*, 37 Neb. 623, 56 N.W. 315 (1893), which Judge Grant quotes in his concurrence was expanded upon in *Foley v. State*, 42 Neb. 233, 60 N.W. 574 (1894). That expansion makes clear that the assumptions we presently make are outgrowths of the requirements that a municipal court take judicial notice of its own municipality's ordinances and that upon subsequent de novo review by the district court, the district court take judicial notice of whatever the municipal court could have judicially noticed. The *Foley* court explained:

> Courts will not, as a rule, take notice of municipal ordinances, unless required to do so by special charter or general law; but to that rule there are recognized exceptions, among which is that courts of a municipal corporation will take notice, without allegations or proof, of its own ordinances. The ground of the exception noted is that such courts stand in the same relation toward the municipal laws of the city, or other corporation, as do courts of general jurisdiction toward the public laws of the state; and on appeal from a judgment of conviction before a police magistrate of a city for the violation of an ordinance thereof the court will, upon a trial *de novo*, take notice of such ordinance. In short, the district court, or court of like general jurisdiction, will, on appeal from a municipal court, take notice of whatever facts the latter could have noticed judicially before the removal of the cause therefrom. The court exercising appellate jurisdiction in such cases is . . . for the time being regarded as a substitute for the police magistrate. [Citations omitted.] Cases are not wanting which sustain a different rule and holding in effect that in every prosecution under a city ordinance it is essential to set out, or in unmistakable terms refer to, the section or provision thereof relied upon for a conviction. In fact, the weight of authority, judged

by the number of cases, may be said to sustain that view; but the question being an open one in this state, notwithstanding the dictum in *Perry v. State*, 37 Neb. [623, 56 N.W. 315 (1893),] we feel at liberty to adopt the rule most in harmony with the spirit of our liberal practice, and most promotive of a prompt and efficient enforcement of municipal laws. The reason for the strict rule of the common law which required every by-law, ordinance, or private statute to be specially pleaded cannot be said to exist under our system. At common law, prosecutions under statutes imposing a penalty against the offender, as distinguished from the body of the criminal law, were upon information and generally by a common informer, who claimed a part of the fine or penalty. [Citation omitted.] Such prosecutions were by leave of court and differed from indictments in one respect only, viz., that whereas the latter were upon the oath of twelve men, the former was upon the oath of the prosecutor alone. In such cases the same certainty was required as in prosecutions by indictment. [Citation omitted.] It seems neither necessary nor advisable to require in complaints for the violation of mere municipal regulations the same strictness as in prosecutions under the provisions of the Criminal Code. According to the better doctrine such offenses, although frequently prosecuted in the name of the state, are criminal in form merely, while in substance and effect they are civil proceedings, and, therefore, not within the provision of the constitution which declares that the right of trial by jury shall remain inviolate.

42 Neb. at 235-36, 60 N.W. at 574.

However, in *Steiner v. State*, 78 Neb. 147, 150, 110 N.W. 723, 724 (1907), this court made clear that it would not take judicial notice of municipal ordinances not in the record, declaring:

But a different rule will prevail with respect to this court, where such matters are not triable *de novo*. This court cannot undertake to notice the ordinances of all the municipalities within its jurisdiction, nor to search the records for evidence of their passage, amendment or repeal. A party relying upon such matters must make

them a part of the bill of exceptions, or in some manner present them as a part of the record.

Having encouraged the creation of inadequate trial records, this court decided in *Wells v. State*, 152 Neb. 668, 42 N.W.2d 363 (1950), to fill in one of the inevitably resulting gaps by declaring that, as a judgment of the district court had come to the Supreme Court with the usual presumptions of regularity, it would be presumed in the absence of a showing to the contrary that the facts before the district court, including those of which it was required to take judicial notice, established that the facts charged in the complaint were a violation of the ordinance described or referred to therein. The *Wells* court did not undertake to explain how in the absence of the ordinance from the record one could show to the contrary.

In *State v. Cottingham*, 226 Neb. 270, 410 N.W.2d 498 (1987), we decided to plug yet another hole by presuming that sentences imposed under an ordinance not in the record were within the limits set in the ordinance.

Even if I leave aside the questionable wisdom of the rule as first announced, much has changed since 1894. Not the least significant of these changes is that we no longer have municipal courts. They have been merged into the county courts, Neb. Rev. Stat. § 24-515 (Reissue 1989), which have broader territorial jurisdiction than a single municipality, Neb. Rev. Stat. § 24-503 (Reissue 1989). Neither do district courts review county court decisions involving municipal ordinances de novo; the review of such cases is for error appearing on the record made in the county court. Neb. Rev. Stat. § 25-2733 (Reissue 1989). In such instances, the district courts serve as intermediate courts of appeal, *State v. Douglass*, 239 Neb. 891, 479 N.W.2d 457 (1992), and are not free to go beyond the record made in the county court. Indeed, we ruled in *State v. Lynch*, 223 Neb. 849, 394 N.W.2d 651 (1986), that a municipal ordinance not offered in evidence in the county court could not on appeal be received in evidence in the district court. Nor can it any longer be said, if it ever could, that all actions arising under municipal ordinances are civil in nature. See, for example, *State v. Metzger*, 211 Neb. 593, 319 N.W.2d 459 (1982) (city ordinance making it unlawful to commit indecent, immodest,

or filthy act said to be criminal in nature).

These changes compel me, on more mature reflection, to conclude that the party prosecuting under an ordinance ought to be required to properly make it a part of the trial record. As Judge Shanahan's concurrence demonstrates, other states so require. The failure to fulfill that obligation should result in a dismissal of the prosecution.

I recognize that given the number of ordinance cases prosecuted in the county courts, our present rule is the more convenient one for prosecutors and court personnel. However, governmental convenience is not a legitimate basis for requiring an aggrieved defendant to establish the municipal law under which he was prosecuted and convicted.

Since the record in this case fails to contain the ordinance under which the subject proceedings were held, I would reverse the judgment of the district court and remand the cause with the direction that the district court reverse the county court's judgment and direct that the complaint be dismissed.